RG-2001-1                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Benjamín Juarbe Martínez <br>     Recurrente <br><br>       v. <br><br> El Registrador de la Propiedad <br> Sección de Aguadilla <br>    Recurrido | Recurso Gubernativo <br><br> 2002 TSPR 32 <br><br> 156 DPR \_\_\_\_ |

Número del Caso: RG-2001-1


Fecha: 20/marzo/2002


Abogado de la Parte Recurrente:
> Lcdo. Wilfredo Muñoz Román
> Lcdo. Benjamín Juarbe Martínez

Abogado de la Parte Recurrida:
> Por Derecho Propio


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Benjamín Juarbe Martínez

     Recurrente

        v.

El Registrador de la Propiedad       RG–2001–1
Sección de Aguadilla

     Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Corrada del Río

San Juan, Puerto Rico, a 20 de marzo de 2002.

I

Mediante Resolución emitida por la Administración de Reglamentos y Permisos (en adelante, "A.R.Pe") el 8 de noviembre de 1996, los esposos José Antonio Velázquez González y Yolanda Medina Flecha (en adelante, "el matrimonio Velázquez Medina") obtuvieron un permiso para segregar de una finca de su propiedad[1] (en adelante, "la finca número 20,284") un solar de 1,965.2 metros cuadrados. El solar segregado fue vendido a la señora Juana Flecha Pérez (en adelante, "señora

---

[1] La finca estaba inscrita al asiento número 20,284, folio 93 del tomo 375 de Isabela, Registro de la Propiedad de Aguadilla.

Flecha Pérez") mediante la Escritura Núm. Doscientos Sesenta y Tres (263) otorgada el 30 de diciembre de 1996 ante la notario Laura M. Vega Miranda.[2] La señora Flecha Pérez no presentó la referida escritura para su inscripción en el Registro de la Propiedad.

El 30 de julio de 1997 el matrimonio Velázquez Medina sometió ante ARPe un plano sustituto solicitando que se dejara sin efecto la aprobación del solar segregado para que en su lugar le aprobaran la segregación de dos solares de la misma finca número 20,284. Dicho plano sustituto fue aprobado por ARPe mediante Resolución emitida el 26 de agosto de 1997, disponiéndose en dicha Resolución que se dejaba sin efecto la aprobación de la segregación anterior.

El matrimonio Velázquez Medina, utilizando el plano sustituto aprobado por ARPe, mediante Escritura Núm. Ciento Treinta y Cinco (135) otorgada ante el notario Benjamín Juarbe Martínez el 24 de noviembre de 1998, segregó de la finca 20,284 dos solares. El primer solar, con una cabida de 1,965.2 metros cuadrados, fue inscrito en el Registro de la Propiedad a favor del matrimonio Velázquez Medina, finca número 23,341, cuya inscripción se practicó el 19 de enero de 2000.[3] El segundo solar, con una cabida de 674.4 metros cuadrados, fue inscrito en el Registro, finca número 23,340, en igual fecha. Subsiguientemente, fue vendido al señor Carlos Antonio Angueira Alameda mediante Escritura Núm. diecisiete (17) otorgada ante el notario Benjamín Juarbe Martínez.

Así las cosas, el 19 de marzo de 1999, la señora Flecha Pérez presentó para su inscripción en el Registro de la Propiedad la Escritura de Segregación y Compraventa Núm. Doscientos Sesenta y Tres (263) otorgada el 30 de diciembre de 1996, es decir, la otorgada en virtud del permiso de segregación del solar de 1,965 metros cuadrados que posteriormente fue dejado sin efecto.

Entretanto, el matrimonio Velázquez Medina segregó un solar de 700.00 metros cuadrados de la finca número 23,341. Éste fue vendido al señor Manuel Ocasio Rodríguez mediante la Escritura Pública Núm. Setenta y Ocho (78), otorgada el 5 de junio de 1999 ante el notario Benjamín Juarbe Martínez. Presentada la referida escritura para su inscripción en el Registro de la Propiedad el 12 de agosto de 1999, el Registrador notificó el siguiente defecto:

---

[2] El solar segregado tenía la siguiente descripción:
[r]ústica: Solar radicado en el Barrio Guayabos de Isabela, Puerto Rico marcado en el Plano de inscripción con el número uno, compuesto de mil novecientos sesenta y cinco punto dos metros (1965.2 m), equivalentes a cero punto cinco mil cuerdas. En lindes por el Norte, en veintinueve punto novecientos sesenta y cuatro metros (29.964 m) con Ana L. González; Al Sur, en treinta punto cero noventa y cinco metros (30.095 m) con remanente de la finca de la cual se segrega; Al Este en setenta y dos punto trescientos noventa y seis metros (72.396 m) con Juan R. Tavárez; y al Oeste en sesenta y dos punto ciento ochenta y cinco metros (62.185 m) con acceso de [sic] uso público.
[3] La escritura se presentó en el Registro el 23 de diciembre de 1998. Este solar tenía idéntica descripción al solar segregado en virtud de la primera Resolución de ARPe, el cual había sido vendido a la señora Flecha Pérez por medio de la escritura pública número 263.

> [s]egún el Registro la finca de 1,965 m/c [finca número 23,341] consta inscrita a favor de Juana Flecha Pérez vendida ésta por José A. Velázquez y su esposa.

**De esta notificación el Lcdo. Benjamín Juarbe Martínez solicitó, oportunamente, recurso de recalificación. Sin embargo, el Registrador sostuvo la calificación original y extendió la correspondiente anotación preventiva de denegatoria. Contra dicha denegatoria el Lcdo. Juarbe Martínez, por medio de su abogado, Lcdo. Wilfredo Muñoz Román, interpuso el presente recurso gubernativo alegando que el Registrador de la Propiedad, Sección de Aguadilla, había errado al aplicar las normas de interpretación contenidas en la Ley Hipotecaria referentes al tracto sucesivo, principio de especialidad, principio de legalidad, faltas que impiden la inscripción, y solicitud de documentos complementarios.**

**Aduce el recurrente, en síntesis, que el Registrador de la Propiedad inscribió a favor de la señora Flecha Pérez la finca número 23,341, como si se tratara de la misma finca que ésta había adquirido por medio de la escritura 263 otorgada el 30 de diciembre de 1996. Añade que la Resolución de ARPe que se utilizó en la escritura presentada por la señora Flecha Pérez había sido revocada mediante la aprobación del plano sustituto en la Resolución posterior de ARPe, situación de la cual el Registrador tenía conocimiento toda vez que, con dicho plano sustituto, se habían segregado e inscrito los dos solares de la finca 20,284[4] con anterioridad a que la señora Flecha Pérez presentara su título para inscripción.**

El Registrador ha comparecido, lo cual nos coloca en posición de resolver. Sin embargo, nos corresponde evaluar la legitimación del recurrente, Lcdo. Juarbe Martínez, para presentar el recurso de autos.

I.

El Artículo 76 de la Ley Hipotecaria[5] dispone:

> [t]odo interesado podrá recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento hecha por el registrador denegando el asiento solicitado.
>
> También podrá el interesado recurrir gubernativamente cuando habiéndose inscrito el título presentado, el registrador se negase a reconocer en el asiento, cuando le sea solicitado, todo el valor y efecto legal del título.

A su vez, se entenderá por interesado en asegurar el derecho que se desea inscribir todo poseedor de un derecho o título aunque no conste en el documento que se presenta y cuya inscripción dependa de la inscripción de éste. Artículo 62.3 del Reglamento General para la ejecución de la Ley Hipotecaria, 30 L.P.R.A. sec. 2003; *Chase Manhattan Bank, N.A. v. Registrador*, 136 D.P.R. 650 (1994).

En el presente recurso comparece ante nos el Lcdo. Juarbe Martínez, representado por su abogado. Arguye que es parte interesada por ser el presentante y notario autorizante de la Escritura Núm. Setenta y Ocho (78) otorgada el 5 de junio de 1999, cuya inscripción depende de este recurso. Sin embargo, ¿tiene el notario autorizante legitimación activa para, a

---

[4] Entiéndase, los solares número 23,340 y 23,341.

nombre propio, presentar un recurso gubernativo?; ¿es parte interesada, a la luz de la actual Ley Hipotecaria, de modo que posea personalidad para interponer un recurso gubernativo contra la calificación final del registrador respecto a los documentos ante él otorgados? Entendemos que no. Veamos.

Bajo la antigua Ley Hipotecaria de 1893[6], imperaba la norma referente a que los notarios autorizantes de documentos públicos no constituían parte interesada en los mismos, por lo cual carecían de personalidad para interponer recursos gubernativos contra las calificaciones que hiciere el registrador respecto a los documentos ante ellos otorgados. Véase, *Mena v. Registrador*, 80 D.P.R. 783 (1958); *Roig v. Registrador*, 18 D.P.R. 11 (1912); *Más v. Registrador*, 16 D.P.R. 9 (1910). Se entendían como interesados, entre otros, al transmitente del derecho, quien lo adquiría, quien tuviese interés en asegurar el derecho, o a los representantes, legítimos o voluntarios, de aquéllos. Los notarios estaban expresamente excluidos de la rúbrica general de interesados, salvo para los casos en que la suspensión o denegatoria de la inscripción se fundara en defectos del instrumento, en cuya hipótesis sí estarían los notarios directamente interesados, admitiéndose entonces su legitimación procesal activa. E. Vázquez Bote, *Elementos de derecho hipotecario puertorriqueño*, 1era ed., Madrid, Ed. Lex, 1973; véase, además, *Quiñones v. Registrador*, 104 D.P.R. 194 (1975).[7]

Con la aprobación de la actual Ley Hipotecaria y del Registro de las Propiedad y su Reglamento General en 1979[8], se recogió expresamente dicha prohibición al disponer la sección 88.1 del Reglamento General:[9]

> [e]l recurso gubernativo sólo podrá ser promovido por el interesado en la inscripción o sus legítimos representantes o mandatarios. **Los notarios que hubieren autorizado los instrumentos a los que se les haya señalado defecto no podrán recurrir en su propio nombre.**(Énfasis suplido).[10]

**Apunta el Artículo 14 del Código Civil[11] que cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada. "Cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia**

---

[5] 30 L.P.R.A sec. 2279.
[6] 30 L.P.R.A. 31 *et seq*; derogada.
[7] La Ley Hipotecaria Española, al tratar el recurso gubernativo dispone que éste puede ser entablado por el notario autorizante del título, en todo caso. La explicación para esta disposición recae en que cuando el registrador suspende o deniega la inscripción de un título es porque estima que éste adolece de faltas. Si el título es un instrumento público, la calificación del registrador envuelve, aunque sea implícitamente, una especie de censura para el notario autorizante, cosa que inevitablemente ha de ser de interés personal y profesional para éste. *Quiñones v. Registrador, supra,* a la pág. 200.
[8] Ley 198 del 8 de agosto de 1979; 30 L.P.R.A. 2001 *et seq.*
[9] 30 L.P.R.A. sec. 2003.
[10] Para una crítica de dicho precepto, véase, E. Vázquez Bote, *Tratado teórico, práctico y crítico de derecho privado puertorriqueño*, 1era ed., San Juan, Ed. Butterworth, 1992, Vol. XV, T.II, págs. 347-349.
[11] 31 L.P.R.A. sec. 14.

**de toda intención legislativa".** *Alejandro Rivera v. E.L.A.*, 140 D.P.R. 538, 545 (1996). **"[E]l alcance de un lenguaje sencillo y absoluto en un estatuto no será restringido al interpretarlo como que provee algo que el legislador no intentó proveer, y el así resolverlo equivaldría a invadir las funciones de la Asamblea Legislativa".** *Lasalle v. Junta de Directores A.C.C.A.*, 140 D.P.R. 694, 696 (1996); *Caguas Bus Line v. Sierra*, *Comisionado*, 73 D.P.R. 743, 750 (1952). **"Interpretar una ley en forma que sea contraria a la intención del legislador implica la usurpación por la rama judicial de las prerrogativas de la rama legislativa. Por tanto, el intérprete debe abstenerse de sustituir el criterio legislativo por sus propios conceptos de lo justo, razonable y deseable".** *Alejandro Rivera v. E.L.A.*, *supra*, a la pág. 545.

En virtud de lo anteriormente expuesto, concluimos que los notarios autorizantes de los documentos públicos, per se, no son parte interesada con personalidad para interponer un recurso gubernativo contra las calificaciones que hiciere el registrador respecto a los documentos ante sí otorgados. Esto, mediante prohibición expresa de la Ley Hipotecaria y su Reglamento General. Un notario carece de legitimación activa para, a nombre propio, presentar un recurso gubernativo.

Habiéndose determinado que el recurrente carece de legitimación o capacidad jurídica para comparecer ante nos en este recurso, se desestima el recurso gubernativo interpuesto.

Se dictará Sentencia de conformidad.


                        Baltasar Corrada del Río
                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Benjamín Juarbe Martínez

     Recurrente

       v.

El Registrador de la Propiedad       RG-2001-1
Sección de Aguadilla

     Recurrido

SENTENCIA

San Juan, Puerto Rico, a 20 de marzo de 2002.

     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se desestima el recurso gubernativo interpuesto.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Presidente señor Andréu García y el Juez Asociado señor Hernández Denton concurren sin opinión escrita.

Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina