EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José R. Cancio González<br><br>Ex-Parte<br><br>Peticionario | Certiorari<br><br>2004 TSPR 45<br><br>161 DPR ____ |

Número del Caso: CC-2002-223


Fecha: 29 de marzo de 2004


Tribunal de Circuito de Apelaciones:
                    Circuito Regional IV


Panel integrado por su Presidenta, la Juez López Vilanova, el Juez Córdova Arone y la Juez Feliciano Acevedo


Abogado de la Parte Peticionaria:

                    Por Derecho Propio

Oficina del Procurador General:

                    Lcda. Camelia Fernández Romeu
                    Procuradora General Auxiliar


Materia: Licencia para Portar Arma (Renovación)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José R. Cancio González

    Ex-Parte

       Peticionario          CC-2002-223     CERTIORARI

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 29 de marzo de 2004

El 1ro. de noviembre de 2001 el señor José R. Cancio González, aquí peticionario, presentó ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, una petición "general" solicitando la renovación de su licencia para portar, transportar y conducir armas de fuego.[1] Cancio González cumplía, *prima facie*, con todos los requisitos dispuestos en la Ley de Armas de 2000, Ley Núm. 404 de 11 de septiembre de 2000, 25 L.P.R.A.

---

[1] La primera licencia para portar armas de fuego concedida al señor Cancio González fue emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, el 9 de agosto de 1999. Según disponía la anterior "Ley de Armas de Puerto Rico", Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. secs. 411 *et seq.*, la vigencia de esta licencia era de tres años, contados a partir de la fecha de expedición de la misma. Véase 25 L.P.R.A. sec. 431.

secs. 455 *et seq.*[2], sin embargo, el foro de instancia <u>denegó</u> su solicitud, mediante resolución emitida el 16 de noviembre de 2001.

Al así resolver el referido foro concluyó que el Artículo 2.05(a) de la Ley Núm. 404, 25 L.P.R.A. sec. 456d(a), no permite la concesión de un permiso para portar, transportar y conducir "todas" las armas legalmente poseídas por el concesionario. En tal virtud, el foro de instancia le ordenó al peticionario que indicara "cualquiera de las [armas] que pose[e] ––una de ellas–– de manera que sobre <u>esa</u> arma en particular se expediría el permiso de portar, transportar y conducir siempre que cumpl[iera] los demás requisitos de ley." (énfasis en el original). Se le concedió a Cancio González un término adicional de veinte días para que presentara una petición enmendada.

Es importante señalar que en la resolución emitida por el foro de instancia se hizo referencia a la Orden Administrativa Núm. 26 de 10 de abril de 2001 emitida por el entonces Juez Administrador de la Región Judicial de Aguadilla, Hon. Luis Rivera Román. En la referida orden, específicamente en su inciso 14, se dispuso que en toda

---

[2] En su solicitud el señor Cancio González informó, entre otras cosas, que es mayor de 21 años, que no ha sido convicto de ningún delito ni su tentativa, que no está bajo una orden del tribunal que le prohíba acosar, espiar, amenazar o acercarse a persona alguna, que no tiene un historial de violencia y que no es ebrio habitual ni ha sido declarado incapaz mental por un tribunal.

solicitud de licencia para portar, transportar y conducir armas de fuego debe incluirse una "[d]escripción completa del arma -pistola o revolver- a portarse, incluyendo su número de serie, marca, modelo, tamaño del cañón, color, e identificación particular si alguna." En virtud de lo anterior fue que el foro de instancia entendió que estaba impedido de conceder al peticionario una licencia de portación "general" que comprendiera todas las armas legalmente poseídas.

Inconforme con la determinación del foro primario, el señor Cancio González acudió, vía recurso de *certiorari*, ante el Tribunal de Apelaciones, cuestionando la validez legal de la Orden Administrativa antes mencionada. Mediante resolución emitida el 21 de febrero de 2002, el foro apelativo intermedio denegó el auto solicitado. Entendió que la orden emitida por el Juez Administrador de la Región Judicial de Aguadilla constituía un mecanismo válido para proveer criterios "adicionales" para la sana administración y funcionamiento de las distintas salas de dicha región. Según señaló, con su resolución el referido foro lo único que persigue es "implantar la ley de manera eficiente".

Insatisfecho, el señor Cancio González acudió --vía *certiorari*-- ante este Tribunal imputándole al Tribunal de Circuito haber errado al:

> ...concluir que el párrafo catorce (14) de la orden administrativa Núm. 26 del Tribunal de Primera Instancia del Tribunal de Aguadilla es

conforme a la ley y a derecho y que el peticionario en su solicitud del permiso de renovación de portación de armas tiene que describir un arma en particular para únicamente poder portar esa arma que describió.

<u>Expedimos</u> el recurso. Contando con la comparecencia del peticionario y del Procurador General de Puerto Rico y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

La Ley Núm. 404 de 11 de septiembre de 2000, ante, mejor conocida como la "Ley de Armas del 2000", fue creada con el propósito principal de lograr una solución efectiva al problema del control de armas de fuego en manos de delincuentes en Puerto Rico, el cual, según dispuso expresamente el legislador, constituye una "vertiente directa de la actividad criminal."[3] Véase: Exposición de Motivos, Ley Núm. 404 de 11 de septiembre de 2000.

---

[3] Así surge de lo expresado en la Exposición de Motivos de dicha Ley, donde, en lo aquí pertinente, se dispuso que:

Las armas de fuego cuya tenencia es ilegal han sido traídas de forma clandestina desde otras jurisdicciones, y algunas han sido adquiridas durante escalamientos o robos al Gobierno y a los hogares o negocios de dueños debidamente autorizados para la tenencia de las mismas en Puerto Rico. Estas armas son utilizadas durante la comisión de todo tipo de actos criminales, situación que hace necesario adoptar medidas

(Continúa . . .)

Esta pieza legislativa contiene disposiciones innovadoras que "responden al interés apremiante del Gobierno de Puerto Rico en lograr una ley cuya implantación permita a las agencias del orden público ser más efectivas en la lucha contra el crimen." *Ibid*. A tales efectos, la Ley orienta a las personas autorizadas en Puerto Rico a manejar armas de fuego para que lo hagan responsablemente y, a su vez, apercibe al delincuente de las serias consecuencias de incurrir en actos criminales utilizando armas de fuego. Esta Ley creó, además, un sistema de registro electrónico con el fin de facilitar la inscripción de todas las transacciones de armas de fuego y municiones que realicen los concesionarios de "licencias de armas" en Puerto Rico.

En lo que respecta al asunto específico ante nuestra consideración --esto es, los requisitos que debe observar toda persona al momento de solicitar un permiso para portar, transportar o conducir armas de fuego en Puerto Rico-- la Ley de Armas de 2000 establece, en su Artículo 2.05(a), ante, que para obtener este permiso es necesario que el solicitante posea una "licencia de armas"[4] y que

_____

legislativas cuya naturaleza sancionadora constituya un eficaz disuasivo al delincuente.

[4] Esta licencia será representada por un carné electrónico, el cual permitirá lograr acceso al sistema de registro de la Policía de Puerto Rico. 25 L.P.R.A. sec. 456. La Ley dispone que mientras se implemente este sistema de registro electrónico, los concesionarios recibirán un carné provisional.

demuestre, ante la Sala con competencia del Tribunal de Primera Instancia, que teme por su seguridad. En estos casos, el peticionario deberá radicar, junto a su solicitud de portación, el recibo de un comprobante de rentas internas por la cantidad de doscientos cincuenta (250) dólares a favor del Superintendente[5] y una certificación expedida por un oficial autorizado de un club de tiro en Puerto Rico al efecto de que el peticionario ha aprobado un curso en el uso y manejo correcto y seguro de armas de fuego. A tenor con lo dispuesto en el mencionado Artículo 2.05(a), los requisitos exigidos para la aprobación de la "licencia de armas" --según surgen del Artículo 2.02 de la Ley, 25 L.P.R.A. sec. 456a-- también serán considerados por el foro de instancia al momento de evaluar la concesión de este permiso.[6]

---

[5] Este comprobante deberá haber sido presentado previamente al Superintendente.

[6] Estos requisitos son:

    (1) haber cumplido veintiún (21) años de edad;

    (2) tener un certificado negativo de antecedentes penales expedido no más de treinta (30) días previo a la fecha de la solicitud y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.11j o sus equivalentes, tanto en Puerto Rico, los Estados Unidos o el extranjero;

    (3) no ser ebrio habitual o adicto a sustancias controladas;

    (4) no estar declarado incapaz mental por un tribunal;

(Continúa . . .)

Luego de evaluar los requisitos antes mencionados, si el foro de instancia determina que no existe causa justificable para denegar el permiso solicitado, concederá autorización al Superintendente de la Policía para incluir en la licencia de armas del peticionario, la cual estará

---

(5) no incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno construido;

(6) no haber sido separado de las Fuerzas Armadas bajo condiciones deshonrosas, o destituido de alguna de las agencias del orden público del Gobierno de Puerto Rico o sus municipios;

(7) no estar bajo una orden del tribunal que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, alguno de los niños de ese compañero o a persona alguna, y no tener un historial de violencia;

(8) ser ciudadano de los Estados Unidos de América o residente legal de Puerto Rico;

(9) no ser persona que, habiendo sido ciudadano de los Estados Unidos alguna vez, renunció a esa ciudadanía;

(10) someter una declaración jurada atestiguando el cumplimiento con las leyes fiscales; estableciéndose que será razón para denegar la expedición de la licencia solicitada o para revocar ésta el que el peticionario haya incumplido con las leyes fiscales del Estado Libre Asociado de Puerto Rico;

(11) someter su solicitud cumplimentada bajo juramento ante notario, acompañada de una muestra de sus huellas digitales, tomada por un técnico de la Policía de Puerto Rico o agencia gubernamental estatal o federal competente, y acompañada de dos (2) fotografías de dos (2) pulgadas por dos (2) pulgadas de tamaño, a colores, suficientemente reciente como para mostrar al peticionario en su apariencia real al momento de la solicitud; y

(12) someter una certificación negativa de deuda para con la Administración para el Sustento de Menores.

representada por un carné electrónico, un "permiso de portación" 25 L.P.R.A. sec. 456d(a). En el referido permiso se hará constar la categoría de portar, según lo establecido en el Artículo 2.05(d) de la Ley. Este permiso tendrá una duración sujeta a la vigencia de la licencia de armas, y podrá renovarse por términos consecutivos de cinco (5) años, junto a la licencia de armas.[7] 25 L.P.R.A. sec. 456d(b).

Es importante señalar que esta licencia de armas faculta al concesionario a ser propietario de un máximo de dos (2) armas de fuego,[8] salvo lo dispuesto en la propia

---

[7] Este permiso podrá ser renovado concurrentemente con el procedimiento de renovación de la licencia de armas, en este caso el peticionario deberá presentar al Superintendente un comprobante de cien (100) dólares a favor del Superintendente y una petición jurada en la que se haga constar que las circunstancias que dieron lugar a la concesión original de la licencia aún prevalecen al momento de presentarse la solicitud. En el caso de existir algún cambio, el mismo deberá ser justificado previo a la concesión de la renovación. El Superintendente notificará la renovación del permiso de portar armas al tribunal dentro de un término de treinta (30) días. En estos casos, deberá incluirse una declaración jurada a los efectos de que el solicitante cumple con todos los requisitos establecidos en el Artículo 2.02(a) de la Ley y que todo el contenido de la solicitud es correcto y cierto. El tribunal, *motu proprio* o a solicitud del Ministerio Público, podrá celebrar una vista si lo estimare necesario, para determinar si las condiciones que dieron lugar a la concesión de la licencia aún prevalecen. 25 L.P.R.A. sec. 456d(a).

[8] Bajo el nuevo esquema establecido en la nueva ley, todo concesionario, que no posea a su vez un permiso de tiro al blanco o de caza, podrá ser propietario de un máximo de dos armas de fuego sin que importe en qué capacidad --jefe de familia, comerciante o agricultor-- poseerá las mismas.

Ley sobre adquisiciones por vía de herencia o que el concesionario posea un permiso de tiro al blanco o de caza, en cuyo caso no habrá límite establecido. Estas armas deberán estar debidamente inscritas en el sistema de registro a cargo de la Policía de Puerto Rico. Por otro lado, la Ley también restringe el número de armas que un concesionario puede portar al disponer, en su Artículo 2.02(d)(4), que "el concesionario sólo podrá transportar un arma de fuego a la vez, salvo los concesionarios que posean a su vez permisos de tiro al blanco o de caza, quienes no tendrán limitación de cantidad para portar armas de fuego en su persona mientras se encuentren en los predios de un club de tiro autorizado o en aquellos lugares donde se practique el deporte de caza, en conformidad con las leyes aplicables[.]"

II

Como señaláramos anteriormente, en el presente caso el señor José R. Cancio González solicitó ante el Tribunal de Primera Instancia, Sala Superior de Aguadilla, la renovación de su permiso para portar, transportar y conducir armas de fuego. A pesar de que Cancio González cumplió con todos y cada uno de los requisitos discutidos en el acápite que antecede, el foro de instancia denegó su solicitud bajo el fundamento de que éste no especificó para cuál de las armas que posee era que solicitaba el permiso de portación. Según dispuso el referido foro, lo

cual fue avalado por el Tribunal de Apelaciones, la Orden Administrativa Núm. 26 de 10 de abril de 2001 --aprobada por el Juez Administrador de la Región Judicial de Aguadilla-- exige que se describa detalladamente el arma para la cual el peticionario solicita el permiso de portación, pues, según se dispuso, es sobre esa arma en particular que deberá expedirse dicho permiso.

La claridad con que la Ley de Armas de 2000, ante, atiende el presente asunto, nos impide avalar los dictámenes emitidos por ambos foros inferiores. Veamos.

De entrada precisa que señalemos que el Artículo 21 de la anterior Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 431, establecía, tal y como sostienen ambos foros inferiores, que las licencias para portar, transportar y conducir armas de fuego concedidas por los tribunales debían contener una descripción específica del arma cuya portación se autorizaba, con expresión del número de serie de la misma.[9] Esto es, en la resolución que emitía el foro de instancia a los fines de conceder una licencia para portar armas de fuego debía incluirse una descripción específica del arma cuya portación se autorizaba. Ello necesariamente implicaba que en su solicitud el peticionario debía indicar --y describir-- el arma que interesaba portar.

---

[9] Esta información también debía ser incluida en las licencias para tener y poseer armas de fuego expedidas por el Superintendente de la Policía. 25 L.P.R.A. sec. 429.

Ahora bien, con la aprobación de la nueva Ley de Armas del 2000, ante, este Artículo quedó derogado, promulgándose en su lugar el Artículo 2.05 de la Ley Núm. 404, ante. En este Artículo el legislador dispuso, en lo aquí pertinente, que:

> La Sala con competencia del Tribunal de Primera Instancia concederá, de no existir causa justificable para denegarlo, autorización al Superintendente para incluir en el carné del peticionario un permiso para portar, transportar y conducir cualquier pistola o revólver legalmente poseído, previa audiencia con el Ministerio Público, a toda persona poseedora de una licencia de armas que demostrare temer por su seguridad. (énfasis suplido).

Como vemos, la nueva Ley no exige que se describa detalladamente el arma específica sobre la cual habrá de expedirse el permiso de portación de armas. La disposición estatutaria antes citada es clara al disponer expresamente que el permiso recaerá sobre "cualquier pistola o revólver legalmente poseído" sin que sea necesario especificar arma alguna. Es más, el Artículo 2.01 de la Ley, 25 L.P.R.A. sec. 456, especifica que en el carné electrónico que se emite en representación de la licencia de armas no podrá hacerse mención alguna sobre el tipo de arma que el concesionario está autorizado a poseer o a portar.[10] Esta información, según surge de lo dispuesto en el referido

---

[10] En lo aquí pertinente, el referido Artículo dispone que "[e]l carné no contendrá la dirección del peticionario ni mención de sus armas o municiones autorizadas a comprar, pero el registro electrónico de la Policía contendrá y suministrará a sus usuarios tal información."

Artículo, sólo podrá ser obtenida a través de los sistemas de información a cargo de la Policía de Puerto Rico.

Vemos, pues, que el procedimiento prescrito por la nueva Ley de Armas, a los fines de obtener un permiso de portación de armas, es sencillo. La persona deberá tener una "licencia de armas", la cual lo faculta para "poseer" legalmente armas de fuego.[11] 25 L.P.R.A. sec. 456a(d). Ahora bien, si el concesionario desea, a su vez, portar o transportar alguna de estas armas, entonces, deberá solicitar ante la Sala del Tribunal de Primera Instancia que corresponda un permiso de portación.[12] Este permiso, de ser concedido, facultará al concesionario a portar cualquiera de las armas cortas legalmente poseída, estando limitada dicha portación a un arma de fuego a la vez. Del mismo modo, este permiso permite que las personas que, a su vez, poseen un permiso de tiro al blanco --y posean

---

[11] Como señaláramos anteriormente, la norma general es a los efectos de que el concesionario sólo podrá ser propietario de un máximo de dos armas cortas. La excepción a esta norma se activa en los casos en que el concesionario posee, a su vez, un permiso de tiro al blanco o de caza o ante adquisiciones por vía de herencia. En estos casos, según dispone expresamente la ley, "no habrá límite establecido" en cuanto al número de armas cortas que el concesionario pueda poseer. 25 L.P.R.A. sec. 456a(d).

[12] En su Artículo 2.04, 25 L.P.R.A. sec. 456c, la Ley de Armas exime de este requisito a los funcionarios públicos allí enumerados, disponiéndose que en estos casos el Superintendente establecerá un procedimiento expedito mediante el cual otorgará a los mismos una licencia de portación de armas especial sin necesidad de que éstos tengan que solicitarla ante el Tribunal de Primera Instancia.

legalmente armas cortas-- puedan portar una de ellas a la vez.

Es evidente que el propósito del legislador al crear este nuevo sistema de concesión de "licencias de armas" fue establecer un mecanismo mediante el cual los permisos para portar, transportar o conducir armas de fuego en Puerto Rico fueran otorgados en virtud del individuo que solicita los mismos y no en consideración al arma para el cual están siendo solicitados. Esta conclusión surge claramente de las expresiones vertidas en el hemiciclo de la Cámara de Representantes por el legislador Sánchez Fuentes durante la discusión del proyecto de ley P. de la C. Núm. 3447, el cual luego se convirtió en la Ley Núm. 404 hoy bajo análisis. En esta ocasión el referido legislador, quien fue el propulsor de esta medida, explicó que la nueva Ley está enfocada a "que la licencia se conceda en virtud del individuo, de la persona, de los méritos de la persona y no en virtud del arma" Véase: Discusión del P. de la C. 3447, Diario de Sesiones, 23 de junio de 2000.

Si la intención del legislador al promulgar la Ley Núm. 404, ante, fue conceder, mediante la aprobación de un permiso de portación, la facultad de portar o transportar cualquiera de las armas que el concesionario posea legalmente, los tribunales estamos impedidos de limitar o restringir dicha facultad. Es más, aun si entendiéramos que el mecanismo propuesto por la Legislatura no es el

adecuado, definitivamente, no le correspondería a la Rama Judicial enmendar o corregir el mismo. En innumerables ocasiones hemos señalado que los tribunales no podemos, en nuestra función interpretativa, añadir condiciones o restricciones que no fueron contempladas por el legislador al momento de promulgar la legislación bajo análisis. Comité Pro Permanencia de la Barriada Morales v. Hon. William Miranda Marín, res. el 16 de octubre de 2002, 2002 TSPR 138; Román v. Superintendente de la Policía, 93 D.P.R. 685, 688 (1966); Meléndez v. Tribunal Superior, 90 D.P.R. 656, 660-61 (1964).

Asimismo, hemos expresado que cuando la letra de una ley no tiene ambigüedades y su lenguaje es claro y sencillo, como en efecto ocurre en el caso de autos, los tribunales no están autorizados a adicionarle limitaciones o restricciones que no aparezcan en su texto. Ibid. El alcance de un estatuto, cuyo lenguaje es uno sencillo y absoluto, no puede ser restringido interpretándolo como que provee algo que el legislador no intentó proveer. Ello, sin lugar a dudas, equivaldría a invadir las funciones de la Asamblea Legislativa. Juarbe Martínez v. Registrador, res. el 20 de marzo de 2002, 2002 TSPR 32; Caguas Bus Line v. Sierra, 73 D.P.R. 743, 750 (1952).

Del mismo modo, debemos rechazar la práctica de utilizar el mecanismo de las órdenes administrativas para enmendar o limitar el alcance de las leyes aprobadas por la Asamblea Legislativa. La facultad que tiene el Juez o

Jueza Administradora de cada Región Judicial de aprobar y hacer cumplir órdenes administrativas está claramente delimitada por las Reglas para la Administración del Tribunal de Primera Instancia de 1999, las cuales, en lo aquí pertinente, disponen que éstos podrán "[a]probar y hacer cumplir las órdenes administrativas que atiendan las necesidades particulares de la región judicial que promuevan la mayor uniformidad administrativa en ésta y que sean conforme con las leyes, las normas o reglamentaciones aplicables." 4 L.P.R.A. Ap. II-B, R. 7.

Avalar la actuación "*ultra vires*" del Juez Administrador de Aguadilla en el presente caso tendría el efecto práctico de permitir que en cada una de las Regiones Judiciales del País existieran requisitos distintos a los exigidos por ley a los fines de solicitar u obtener un permiso de portación de armas. Ello, a su vez, afectaría la uniformidad que debe existir en todos los procedimientos que se llevan a cabo en nuestros tribunales.

En virtud de lo antes expuesto, hoy concluimos que la Ley de Armas de 2000, ante, no limita el permiso para portar, transportar o conducir un arma de fuego, contemplado en el Artículo 2.05 de la Ley, 25 L.P.R.A. sec. 456(d), a un arma en específico. Este permiso se concede en virtud de los méritos y cualidades del solicitante y no en consideración de las armas específicas que éste posea. Una vez los tribunales deciden que el

solicitante cualifica para obtener un permiso de portación de armas, éstos deberán concederle al Superintendente una autorización para que incluya en el carné del peticionario un permiso para portar, transportar y conducir <u>cualquier pistola o revólver legalmente poseído</u>. La única limitación que tendrá el concesionario es a los efectos de que no podrá, excepto bajo ciertas y determinadas excepciones, portar más de un arma a la vez.

### III

En mérito de lo anterior, procede <u>revocar</u> la resolución emitida por el Tribunal de Apelaciones, confirmatoria la misma de la emitida por el foro primario, y devolver el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José R. Cancio González

    Ex-Parte

        Peticionario           CC-2002-223      CERTIORARI

SENTENCIA

San Juan, Puerto Rico, a 29 de marzo de 2004

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la resolución emitida por el Tribunal de Apelaciones, confirmatoria la misma de la emitida por el foro primario, y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Presidenta señora Naveira Merly concurre en el resultado sin opinión escrita. El Juez Asociado señor Fuster Berlingeri no intervino.

Patricia Otón Oliveri
Secretaria del Tribunal Supremo