EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| B.L. Investments, Inc., Teodoro L. Tapia Gómez<br>    Peticionaria<br><br>             v.<br><br>Hon. Sandra Valentín Díaz, Registradora de la Propiedad, Sección Tercera de San Juan<br>    Recurrida | Recurso Gubernativo<br><br>2002 TSPR 141<br><br>158 DPR _____ |

Número del Caso: RG-2002-2

Fecha: 30/octubre/2002

Abogado de la Parte Peticionaria:
                                 Lcdo. Teodoro L. Tapia Gómez

Abogado de la Parte Recurrida:
                          Por Derecho Propio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

B.L. Investments, Inc.,
Teodoro L. Tapia Gómez

    Peticionaria

      v.               RG-2002-2

Hon. Sandra Valentín Díaz,
Registradora de la Propiedad,
Sección Tercera de San Juan

    Recurrida

PER CURIAM

San Juan, Puerto Rico, a 30 de octubre de 2002.

I

El 27 de junio de 2001, BL Investments Inc. (en lo sucesivo "la peticionaria") otorgó la Escritura Número 53 de venta judicial ante el notario Teodoro L. Tapia Gómez (en lo sucesivo "el notario"). Mediante esta escritura el Sr. José Humberto Caez Alonso, Alguacil del Tribunal de Primera Instancia, Sala Superior de San Juan, le vendió, cedió y traspasó a la peticionaria una propiedad subastada sita en la Urbanización Caparra Terrace del Barrio Monacillos en San Juan, Puerto Rico. El 2 de julio de 2001, el notario presentó la susodicha escritura ante el Registro de la Propiedad, Sección III de San Juan. El 3 de diciembre de 2001, la Registradora de la

Propiedad, Hon. Sandra Valentín Díaz, le notificó al notario que la Escritura Número 53 adolecía de las siguientes faltas:

> (1)   Debera [sic] de [sic] acompañar edicto de sentencia sobre cobro de dinero.
> (2)   Debera [sic] de [sic] presentar el aviso de demanda.
> (3)   Debera [sic] de [sic] acompañar [la] notificación de [la] Sentencia certificada a los demandados ó [sic] a su ultima [sic] dirección conocida. *Véase*, Apéndice, pág. 37.

El 18 de diciembre de 2001, el notario envió por correo certificado con acuse de recibo un *Escrito de Recalificación y/o Subsanando Falta*. Para subsanar las faltas número 1 y 3, anejó lo siguiente: (1) copia certificada de una declaración jurada de la Sra. Marilisa Román de 29 de junio de 1999 dando fe de que el 27 de junio de 1999 se publicó el edicto del emplazamiento en el periódico *El Nuevo Día* y de la cual surge el texto del edicto fotocopiado; (2) copia certificada de la declaración jurada de la Sra. Román de 8 de agosto de 2000 dando fe de la publicación el 1 y 8 agosto de 2000 del edicto notificando la Sentencia del Tribunal de Primera Instancia (TPI) en el periódico *El Nuevo Día* la que contiene fotocopia del edicto correspondiente; (3) copia del volante de notificación de la Sentencia del TPI de 30 de diciembre de 1999 sobre ejecución de hipoteca.[1] En cuanto a la segunda falta, cuestionó el dictamen de la Registradora de requerirle copia del aviso de demanda por ésta no haber sustentado su requerimiento en disposición legal alguna. Argumentó, además, que nuestro ordenamiento jurídico no obliga al promovente de la acción a gestionar la anotación de aviso de demanda como condición previa a la ejecución de una sentencia ordenando la venta en pública subasta del bien inmueble hipotecado.

Obra en el expediente copia del recibo del Servicio Postal de los Estados Unidos acreditando que el documento iba dirigido al Registro de la Propiedad, Sección III de San Juan, que el documento fue presentado en el correo el 18 de diciembre de 2001 y recibido por el Departamento de Justicia el día 26 del mismo mes y año.[2] Sin embargo, la Registradora adujo que recibió

---

[1] *Véase*, Apéndice, págs. 40-42.

[2] Cabe indicar que, del Alegato de la Registradora surge que la Sección III de San Juan del Registro de la Propiedad no tiene un

ese primer escrito de recalificación el 4 de enero de 2002. Por tal razón, lo acogió como un escrito de subsanación.

El 4 de febrero de 2002, la Registradora volvió a notificar al notario que la Escritura Número 53 aún adolecía de la falta de acompañar el edicto de la Sentencia sobre cobro de dinero.

Habiendo consentido la calificación, el 7 de marzo de 2002, dentro del término de sesenta (60) días provisto por ley,[3] el notario presentó personalmente ante el Registro de la Propiedad un segundo escrito con fecha de 25 de febrero de 2002. Aun cuando lo tituló *Escrito de Recalificación y/o Subsanando Falta,* su único propósito era subsanar la falta señalada. El notario acompañó junto a este escrito una copia de la declaración jurada de 8 de agosto de 2000 antes mencionada, a pesar de que, alegadamente, él la había sometido junto al primer escrito de recalificación.[4]

El 8 de marzo de 2002, la Registradora notificó una vez más al notario sobre un defecto en la Escritura Número 53, en específico, "[d]ebera [sic] retirar este documento y presentarlo en el orden correspondiente." *Véase*, Apéndice, pág. 1.

Inconforme, el 20 de marzo de 2002, el notario envió, mediante correo certificado con acuse de recibo, un tercer escrito de recalificación. Impugnó el dictamen de la Registradora haciendo referencia a las diversas escrituras presentadas y a su respectivo orden para demostrar que alegadamente existe un perfecto tracto sucesivo. Por último, adujo que esta última notificación de la Registradora es muy escueta y no especifica qué documentos él ha de retirar y ha de presentar nuevamente.

---

apartado postal individual. La práctica es que las cinco secciones de San Juan del Registro de la Propiedad reciben su correspondencia en el apartado postal general del Departamento de Justicia, de donde luego se le distribuye a cada Sección.

[3] El Artículo 69 de la Ley Núm. 198 de 8 de agosto de 1979, conocida como la "Ley Hipotecaria y del Registro de la Propiedad" (en adelante "Ley Hipotecaria"), 30 L.P.R.A. sec. 2272, provee un término de sesenta (60) días, a partir de la notificación, para que el notario autorizante corrija la falta señalada; transcurrido ese plazo, el Registrador extenderá nota de caducidad.

[4] De la copia de este escrito de recalificación surge una nota a manuscrito que lee: "[s]e le hace entrega del edicto de Sentencia

Nótese que, obra en el expediente el recibo del Servicio Postal de los Estados Unidos que acredita el 20 de marzo de 2002 como fecha de envío y el 25 de ese mes y año como la fecha en que el Departamento de Justicia recibió el paquete.

El 17 de mayo de 2002, el notario, mediante una misiva del Lic. Luis A. Archilla Díaz, advino en conocimiento de que, pasado el término jurisdiccional para presentar el escrito de recalificación, el asiento de presentación de la Escritura Número 53 había caducado, sin practicarse inscripción alguna, así como las escrituras presentadas subsiguientemente por el notario y por el Lic. Archilla Díaz. Supo también que la Registradora alegadamente nunca recibió el tercer escrito de recalificación con fecha de 20 de marzo de 2002.

El 23 de mayo de 2002, vía entrega personal, el notario presentó en el Registro de la Propiedad un documento con fecha de 22 de mayo de 2002 señalando la existencia del tercer escrito de recalificación y sometiendo evidencia para sustentarla; y solicitando la inscripción de la escritura en cuestión. Según el notario, la Registradora se negó a recibir ese documento.

A raíz de lo anterior, y tomando el 23 de mayo de 2002 como la fecha de notificación de la anotación preventiva de caducidad del asiento de presentación de la Escritura Número 53, el 7 de junio de 2002, la peticionaria, a través de su representación legal,[5] comparece ante nos mediante Recurso Gubernativo planteando lo siguiente:

> [e]rró la Honorable Registradora de la Propiedad al determinar que había caducado la notificación de 8 de marzo del 2002.

---

ya que se encontraba una copia en el Registro." (firmado.) (fechado el 7 de marzo de 2002.) *Véase*, Apéndice, pág. 45.

[5] Recuérdese que, conforme al mandato del Art. 88.1 de la Ley Hipotecaria, 30 L.P.R.A. 2003, el notario autorizante de los documentos a los que se le hubiese señalado defecto, no se considera parte interesada a los efectos de tener legitimación para instar un recurso gubernativo. Véase al respecto, *Juarbe v. Registrador* res. el 20 de marzo de 2002, 156 D.P.R.___, 2002 TSPR 32, 2002 JTS 38. No obstante, ésta no es la situación ante nos. Aunque el notario ha comparecido en el presente recurso, no lo ha hecho en su propio nombre, sino como representante legal de la peticionaria, quien comparece como parte interesada.

Abusó de su discreción la Honorable Registradora de la Propiedad al rechazar y negarse a recibir la comunicación de 22 de mayo del 2002 enviada por entrega personal por el notario[.]

Erró la Honorable Registradora de la Propiedad, como resulta errónea la práctica de los Registros de la Propiedad, al no notificar mediante el envío de una determinación por escrito a la dirección del notario y el presentante, de la determinación de caducidad de un documento notificado[.]

A solicitud de la Registradora, le concedimos una prórroga para presentar un alegato en apoyo de su actuación, el cual finalmente presentó el 19 de agosto de 2002. Señaló que, recibió el primer escrito de recalificación del notario el 4 de enero de 2002, es decir, vencido el término de caducidad de veinte (20) días dispuesto en el Artículo 70 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2273. Por tanto, lo consideró como un escrito para subsanar las faltas señaladas. Añadió que, no fue hasta el 8 de marzo de 2002 que el notario entregó copia del edicto de la publicación de la sentencia que se le solicitó el 4 de febrero de 2002.

A raíz de lo anterior, y ante la falta de tracto, la Registradora le solicitó que retirara los documentos y que los presentara en el orden correspondiente. Además, negó haber recibido el tercer escrito de recalificación. En resumidas cuentas, la Registradora arguyó haber recibido tardíamente el primer escrito de recalificación; haber recibido el edicto de la publicación de la sentencia, sin hacer mención del segundo escrito de recalificación que lo acompañaba;[6] y nunca haber recibido el tercer escrito de recalificación. Por último, adujo que este Tribunal carece de jurisdicción para atender el Recurso Gubernativo de epígrafe, puesto que el notario no recurrió oportunamente de la última notificación de 8 de marzo de 2002.

Con el beneficio de las comparecencias de ambas partes, resolvemos.

II

El Artículo 70 de la Ley Hipotecaria, *supra,* (Supl. 2001), dispone lo siguiente con respecto a las solicitudes de recalificación:

[n]o obstante lo dispuesto en la sec. 2272 de este título, el presentante o el interesado que no esté conforme con la calificación del registrador podrá, dentro del término improrrogable de [los] veinte (20) días siguientes a la fecha de la notificación, radicar personalmente, o por la vía electrónica, con el registrador o remitirlo por correo certificado, un escrito solicitando recalificación, exponiendo sus objeciones a la calificación, los fundamentos en que apoya su recurso y una súplica específica de lo que interesa. Transcurridos los veinte (20) días se entenderán consentidos los defectos señalados por el registrador.

Si se hubiere consentido la calificación del registrador con arreglo a lo dispuesto en el párrafo anterior y el interesado intentase corregir los defectos apuntados dentro del término que concede la sec. 2272 de este título, sólo podrá recurrir gubernativamente de la denegatoria al efecto de determinar si los defectos señalados fueron corregidos.

Sobre este particular, en *H. F., Inc. v. Registrador,* 116 D.P.R. 433 (1985), interpretamos que, el propósito del legislador al permitir el uso del correo certificado para presentar un escrito de recalificación no pudo haber sido extender y derrotar el carácter jurisdiccional de ese término. Así, pues, resolvimos que la parte interesada tiene a su haber el método del correo certificado, "siempre y cuando el mismo sea entregado por el correo **en el Registro** dentro de los veinte días aludidos. Su utilización es a riesgo de dicha parte." *Íd.,* pág. 441. (Escolio omitido.) (Énfasis nuestro.)

En lo pertinente al término para presentar el recurso gubernativo, el Artículo 77 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2280, dispone:

[d]entro del término improrrogable de veinte (20) días desde la notificación de la denegatoria, el interesado podrá radicar recurso gubernativo ante el Tribunal Supremo de Puerto Rico y notificará simultáneamente por correo certificado de la interposición del mismo al registrador con copia del escrito radicado.

Con lo anterior en mente, apliquemos estos principios al presente caso.

### III

Por estar estrechamente relacionados entre sí, discutiremos el primer y tercer señalamiento de error en conjunto. En el primer señalamiento de error, la peticionaria impugna la determinación de la Registradora de que

---

[6] Nótese que el segundo escrito de recalificación fue el único que el notario presentó personalmente ante el Registro de la Propiedad.

caducó la notificación de 8 de marzo de 2002. A los fines de evaluar este argumento, es necesario discutir cada uno de los escritos de recalificación.

En el presente caso, el 3 de diciembre de 2001, la Registradora notificó al notario de una primera falta en la Escritura Número 53. El 18 de diciembre el notario envió, vía correo certificado, un escrito de recalificación[7] a la dirección correcta, a saber:

> Registro de la Propiedad
> Sección Tercera de San Juan
> Apartado 9020192
> San Juan, P.R. 00902-0192

Obra en el expediente el recibo del Servicio Postal de los Estados Unidos acreditando que el referido escrito se recibió en el Departamento de Justicia el 26 de diciembre de 2001, es decir, el último día hábil.[8]

Nos toca resolver si se perfeccionó la presentación del escrito de recalificación en cuestión mediante su recibo en el apartado postal general del Departamento de Justicia, no físicamente en el Registro de la Propiedad, dentro del término de caducidad correspondiente. Veamos.

Surge del Alegato de la Registradora que la Sección III de San Juan del Registro de la Propiedad carece de un apartado propio. La práctica es que las cinco secciones del Registro de San Juan reciben su correspondencia en el apartado postal general del Departamento de Justicia, de donde se distribuye para el envío a la sección correspondiente.

En el caso de autos, el Departamento de Justicia tardó nueve (9) días calendario en entregarle al Registro de la Propiedad, Sección III de San Juan, el escrito de recalificación en cuestión. Este trámite interno es claramente independiente de la obligación de la parte interesada de presentar el escrito de recalificación en el Registro o de remitirlo por correo certificado dentro de los veinte (20) días que dispone el Artículo

---

[7] Junto a este primer escrito de recalificación, incluyó copia de las dos declaraciones juradas de la Sra. Marilisa Román y del volante de notificación de la sentencia del TPI de 30 de diciembre de 1999.

[8] Nótese que, vencieron los veinte (20) días el 23 de diciembre de 2001, el cual, por ser domingo, se corre para el lunes, 24 de diciembre, día concedido con cargo a licencia de vacaciones por la Hon. Sila María Calderón, Gobernadora de Puerto Rico, mediante

70 de la Ley Hipotecaria, *supra.* Resulta inapropiado penalizar a la parte interesada por un trámite interagencial entre el Departamento de Justicia y el Registro de la Propiedad, Sección III de San Juan.

Si bien es cierto que el uso del correo certificado se permite siempre y cuando el documento llegue al Registro dentro del término de caducidad, no es menos cierto que, en el caso de epígrafe, la entrega se hizo a la dirección correcta del Registro, dentro del plazo correspondiente.

Concluimos que el primer escrito de recalificación se recibió oportunamente en la dirección correcta del Registro de la Propiedad, Sección III de San Juan.

El 4 de febrero de 2002, la Registradora le notificó una vez más al notario que debía someter copia del edicto mediante el cual se publicó la sentencia del TPI sobre cobro de dinero. El notario consintió esta calificación de la Registradora y, dentro del término de sesenta (60) días que provee el Artículo 69 de la Ley Hipotecaria, *supra,* subsanó el defecto señalado. Ello, mediante la entrega personal en el Registro de un segundo *Escrito de Recalificación y/o Subsanando Falta* al cual anejó una copia de la declaración jurada de la Sra. Román de 8 de agosto de 2000, de la cual surge el texto del edicto publicado los días 1 y 8 de agosto de 2000. *Véase,* Apéndice, pág. 46.

La Registradora, en su Alegato, expresó haber recibido el edicto antes mencionado, por tanto, entendemos que esta falta quedó debidamente subsanada. No obstante lo anterior, el 8 de marzo de 2002, la Registradora notificó al notario que debía retirar "este documento y presentarlo en el orden correspondiente." *Véase,* Apéndice, pág. 1.

Inconforme, el notario envió, a la dirección correcta, vía correo certificado, un tercer escrito de recalificación. A pesar de que obra en el expediente los recibos del Servicio Postal de los Estados Unidos,[9] la

---

Memorando Especial Núm. 40-2001 de 17 de diciembre de 2001 y, finalmente, el 25 de diciembre, feriado por ser Navidad.

[9] De acuerdo a tales recibos, el notario presentó este escrito en el correo el 20 de marzo de 2002 y el Departamento de Justicia lo recibió el 25 de marzo de 2002, es decir, dentro del término de veinte (20) días. El último día hábil fue el 1 de abril de 2002.

Registradora aduce no haber recibido documento alguno posterior a la notificación de 8 de marzo de 2002. Por tal razón, determinó que esa notificación caducó. Según el notario, la Registradora no le notificó por escrito su determinación de extender nota de caducidad en el asiento de la Escritura Número 53. A raíz de la misiva del Lic. Archilla Díaz, el 23 de mayo de 2002, el notario envió un mensajero con unos documentos los cuales no fueron admitidos en el Registro porque alegadamente el referido asiento de presentación había caducado.

Obra en el expediente copia del tercer escrito de recalificación que el notario envió al Registro con relación al defecto señalado en la notificación de 8 de marzo de 2002. También obran los recibos que demuestran que ese documento se recibió oportunamente en el apartado postal general del Departamento de Justicia, en donde el Registro de la Propiedad, Sección III de San Juan, recibe toda su correspondencia.

En vista de que el notario envió oportunamente y a la dirección correcta el primer escrito de recalificación, luego subsanó la falta señalada dentro del término correspondiente y, por último, remitió al apartado postal correcto, dentro de los veinte (20) días, el tercer escrito de recalificación, a tenor del Artículo 70 de la Ley Hipotecaria, *supra,* la Registradora erró al extender nota de caducidad como si el notario hubiese consentido la calificación y hubiese dejado transcurrir el término correspondiente sin subsanar las faltas señaladas.

En cuanto al tercer error levantado, advertimos a los Registradores de la Propiedad que deberán notificar a las partes interesadas toda nota de caducidad extendida en el asiento de presentación correspondiente, de modo que esa parte tenga la oportunidad de revisar ante este Tribunal el dictamen del Registrador, de no estar conforme con el mismo, y que quede

---

Mediante Memorando de 25 de marzo de 2002, la Hon. Anabelle Rodríguez, Secretaria de Justicia, le notificó a todo el personal de ese Departamento que la Gobernadora de Puerto Rico, Hon. Sila María Calderón, concedió el 28 de marzo de 2002, Jueves Santo, con cargo a la licencia de vacaciones, con motivo de la solemnidad de la Semana Santa; el 29 de marzo fue Viernes Santo, por lo cual, el término venció el lunes, 1 de abril de 2002.

claramente establecida la fecha a partir de la cual comienza a correr el término para presentar el recurso gubernativo.

En el presente caso, en vista de que obran en el expediente los recibos que acreditan que el tercer escrito de recalificación se recibió en el apartado postal correspondiente, y dado que la Registradora no le notificó por escrito que extendió nota de caducidad, el término para recurrir ante nos mediante recurso gubernativo comenzó a transcurrir desde el 23 de mayo de 2002, fecha en que una funcionaria del Registro le informó que no le aceptaría los documentos que intentaba presentar porque su asiento caducó. El 7 de junio de 2002, dentro del término de veinte (20) días, el notario presentó el Recurso Gubernativo que nos ocupa. Por tanto, tenemos jurisdicción sobre este asunto.

Por el resultado al cual llegamos, resulta innecesario entrar a discutir el segundo señalamiento de error.

Por los fundamentos antes esbozados, concluimos que la Registradora de la Propiedad, Sección III de San Juan, erró al determinar que la notificación de 8 de marzo de 2002 caducó. Se ordena a la Registradora, Hon. Sandra Valentín Díaz, actuar sobre la solicitud de recalificación fechada el 20 de marzo de 2002.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

B.L. Investments, Inc.,
Teodoro L. Tapia Gómez

    Peticionaria

       v.                      RG-2002-2

Hon. Sandra Valentín Díaz,
Registradora de la Propiedad,
Sección Tercera de San Juan

    Recurrida

SENTENCIA

San Juan, Puerto Rico, a 30 de octubre de 2002.

      Por los fundamentos expuestos en la Opinión Per Curiam que se hace formar parte integrante de ésta, se dicta sentencia ordenando a la Registradora, Hon. Sandra Valentín Díaz, actuar sobre la solicitud de recalificación fechada el 20 de marzo de 2002.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron.

                             Patricia Otón Olivieri
                             Secretaria del Tribunal Supremo