EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Norma Denise Alejandro Ramos<br><br>        Recurrente<br><br>            v.<br><br>Registradores de la Propiedad de la Sección Quinta de San Juan<br><br>        Recurridos | Certiorari<br><br>2007 TSPR 218<br><br>172 DPR \_\_\_\_ |

Número del Caso: RG-2006-3


Fecha: 12 de diciembre de 2007


Abogado de la Parte Recurrente:

        Lcdo. Hector L. Banchs Pascualli

Abogada de la Parte Recurrida:

        Lcda. Vanessa M. Bayonet Tartak
        Registradora de la Propiedad


Materia: Recurso Gubernativo


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Norma Denise Alejandro Ramos

    Recurrente

           vs.                       RG-2006-3

Registradores de la Propiedad
de la Sección Quinta de
San Juan

    Recurridos

RECURSO
GUBERNATIVO

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 12 de diciembre de 2007

Norma Denise Alejandro Ramos y Anthony Correa presentaron ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una petición de divorcio por consentimiento mutuo. El 27 de septiembre de 2004 se emitió resolución decretando disuelto el matrimonio y liquidando la sociedad de bienes gananciales habida entre las partes. De la resolución emitida a esos efectos por el tribunal de instancia, surge que Anthony Correa se comprometió a ceder su participación en un determinado bien inmueble ganancial a favor de su ex cónyuge, Norma Denise Alejandro Ramos.

El 26 de abril de 2006, Norma Alejandro y Anthony Correa otorgaron una escritura sobre

liquidación de bienes gananciales ante el Notario Héctor Luis Banchs Pascualli, en la cual Anthony Correa cedió a Norma Alejandro su participación en el bien inmueble antes mencionado. Específicamente, se dispuso que Anthony Correa le cedía, traspasaba y entregaba a Norma Alejandro su 50% de participación en el bien inmueble por la suma de $20,000.00.

Posteriormente, Norma Alejandro presentó ante el Registro de la Propiedad, Sección Quinta de San Juan, la escritura sobre liquidación de bienes gananciales para su inscripción. Para ello, canceló los sellos y comprobantes tomando como base la suma de $20,000.00 pactada en la escritura.

El 3 de octubre de 2006 la Registradora de la Propiedad emitió notificación de falta, en la cual dispuso, en lo pertinente, que:

> [e]n cumplimiento del Artículo 69 de la Ley Hipotecaria núm. 198 del 8 de agosto de 1979 según enmendada, comunico a usted que el documento a que alude el epígrafe y que fuera presentado el 29/08/06, al Asiento 19 del Libro 875 del Diario de Operaciones, Entrada Número 6607 de esta sección del Registro, adolece de las faltas que se detallan a continuación, que impiden la registración del mismo[:] FALTA $894.00 EN COMPROBANTES PARA COMPLETAR DERECHOS DE INSCRIPCIÓN YA QUE LOS GRAVAMENES SON MAYORES AL PRECIO DE CESIÓN.

De igual forma, surge de dicha notificación la siguiente advertencia:

> [e]l presentante o interesado que no esté conforme con la calificación del Registrador podrá, dentro del término improrrogable de

veinte días siguientes a la notificación, radicar un escrito de recalificación exponiendo sus objeciones a la calificación, los fundamentos en que apoya su recurso y una súplica específica de lo que interesa. **Transcurridos los veinte días se entenderán consentidas las faltas señaladas. (Artículo 70, Ley Núm. 198 de 8 de agosto de 1979).** (Énfasis en el original y suplido.)

El 23 de octubre de 2006, último día hábil para la presentación del escrito de recalificación, Norma Alejandro, por conducto del licenciado Héctor L. Banchs Pascualli, presentó escrito de recalificación mediante correo electrónico dirigido al Lcdo. Wilfredo Colón Rosa, Director Administrativo del Registro de la Propiedad, y a María Reyes, Secretaria del Director Administrativo del Registro de la Propiedad. De los documentos anejados al expediente, surge que el correo electrónico en cuestión fue enviado el 23 de octubre de 2006 a las 4:28 pm. En esa misma fecha, Norma Alejandro también envió su escrito de recalificación por correo certificado con acuse de recibo al Registro de la Propiedad, Sección Quinta de San Juan, el cual fue recibido en el apartado postal de dicha Sección el 25 de octubre de 2006.

Tras no recibir respuesta alguna del Registrador de la Propiedad con respecto al escrito de recalificación presentado, Alejandro Ramos acudió ante este Tribunal mediante recurso gubernativo. Posteriormente, la Hon. Vanessa M. Bayonet Tartak, Registradora de la Propiedad para la Sección Quinta de San Juan, presentó ante este

Tribunal una <u>moción de desestimación por falta de jurisdicción</u>. En ésta, nos señala que el escrito de recalificación de Norma Alejandro <u>no</u> fue presentado dentro del término improrrogable de 20 días, por lo cual se entiende que <u>consintió</u> a las faltas señaladas, procediendo la desestimación del recurso gubernativo presentado.

Por su parte, Norma Alejandro aduce que presentó su escrito de recalificación el último día hábil mediante correo electrónico, según lo permite el Artículo 70 de la Ley Hipotecaria. En réplica a dicho argumento, la Registradora de la Propiedad nos indica que al haberse enviado el escrito de recalificación, mediante correo electrónico al Director Administrativo del Registro de la Propiedad y a la Secretaria de este último y **no** al Registrador que notificó los defectos, no se cumplió con lo requerido en el Artículo 70 de la Ley Hipotecaria; razón por la cual, el escrito de recalificación se entendió presentado el 25 de octubre de 2006, fecha en que llegó físicamente el escrito a las oficinas del Registro de la Propiedad, Sección Quinta de San Juan, y para la cual ya había transcurrido el término jurisdiccional de 20 días.

Trabada así la controversia, el 2 de marzo de 2007 emitimos Resolución dando por sometido el caso para su resolución. Contando con la comparecencia de las partes y estando en posición de resolver, procedemos a así hacerlo.

I

El Artículo 70 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. § 2273, dispone, en lo pertinente, que:

> el presentante o interesado que no esté conforme con la calificación del registrador podrá, dentro del <u>término improrrogable de veinte (20) días</u> siguientes a la fecha de la notificación, <u>radicar personalmente, o por la vía electrónica, **con el registrador** o remitir por correo certificado</u>, un escrito solicitando recalificación, exponiendo sus objeciones a la calificación, los fundamentos en que apoya su recurso y una súplica específica de lo que interesa. <u>Transcurridos los veinte (20) días se entenderán consentidos los defectos señalados por el registrador</u>. (Énfasis suplido.)

El proceso de recalificación consignado en el artículo de ley antes citado "se instituye como un paso previo a la presentación del recurso gubernativo y brinda al Registrador la oportunidad de reconsiderar su calificación original". <u>H.F. Inc. v. Registradora de la Propiedad</u>, 116 D.P.R. 433 (1985). Debido a que el proceso de recalificación es uno de naturaleza rogada, la parte inconforme con la calificación del Registrador deberá presentar su escrito de recalificación personalmente, por correo electrónico o mediante correo certificado <u>dentro</u> del término de 20 días contados a partir de la notificación de faltas.

El método de presentación que la parte interesada utilice es de suma importancia, pues "la presentación <u>no se perfecciona</u> hasta el momento de su arribo ante el

Registrador". (Énfasis suplido.) H.F. Inc. v. Registradora de la Propiedad, ante. Esto es, independientemente del método de presentación utilizado, el escrito de recalificación tiene que arribar ante el "Registrador" dentro de los 20 días dispuestos para ello. Si la parte interesada no presenta su escrito de recalificación dentro del término improrrogable de 20 días, se entiende consentida la calificación original y debe desestimarse el recurso gubernativo. Bidot v. Registrador de la Propiedad, 115 D.P.R. 276 (1984). Ello debido a que la presentación del escrito de recalificación, dentro del término dispuesto en la Ley, es requisito jurisdiccional para que proceda, eventualmente, un recurso gubernativo, pues "[n]o es hasta que el Registrador pasa juicio sobre la recalificación solicitada que se puede recurrir a este tribunal". Id., p. 277.

Por otro lado, en cuanto a la presentación mediante correo certificado, hemos resuelto que el uso de dicho método es a riesgo de la parte y que el mismo se encuentra disponible para radicar un escrito de recalificación, siempre y cuando el escrito sea entregado por el correo al Registrador dentro de los veinte días requeridos. H.F. Inc., v. Registradora de la Propiedad, ante.

Ahora bien, en B.L. Investments, Inc., v. Registradora de la Propiedad, 158 D.P.R. 220 (2002), resolvimos que se perfecciona la presentación de un escrito de recalificación por correo certificado mediante

la entrega del escrito en la dirección postal correcta de la sección del Registro dentro del plazo de 20 días, aun cuando el escrito arribe físicamente a la sección del registro pasado dicho término debido a atrasos en el trámite interno interagencial diseñado para el envío de correspondencia entre el Departamento de Justicia y la sección del Registro allí involucrada.[1]

## II

¿Se perfecciona la presentación de un escrito de recalificación mediante el envío del escrito al correo electrónico del Director Administrativo del Registro de la Propiedad? Al respecto, la Registradora de la Propiedad recurrida argumenta que el Artículo 70 de la Ley Hipotecaria requiere que el escrito de recalificación sea enviado al correo electrónico <u>del Registrador que notificó los defectos</u> y que de éste no tener correo electrónico, la parte interesada debe presentar su escrito mediante las otras formas permitidas, a saber, personalmente o mediante correo certificado.

Aun cuando en el pasado no hemos tenido la oportunidad de expresarnos sobre la presentación de un escrito de recalificación mediante correo electrónico, el

---

[1] En <u>B.L. Investments, Inc., v. Registradora de la Propiedad</u>, ante, hicimos alusión a que "[l]a práctica es que las cinco secciones del Registro de San Juan reciben su correspondencia en el apartado postal general del Departamento de Justicia, de donde se distribuye para el envío a la sección correspondiente".

Artículo 70 es claro al establecer que la presentación por la vía electrónica se hará **"con el registrador"**, el cual, indudablemente, no es otro que aquél que notificó los defectos en el documento. Esto es, de recurrirse a la vía electrónica para presentar un escrito de recalificación, la parte interesada deberá enviar el mismo al correo electrónico del Registrador que notificó los defectos en el documento o, cuando menos, al correo electrónico de la sección del Registro a la cual se encuentra adscrito dicho Registrador.

El propósito mismo de la recalificación, entiéndase brindarle al Registrador la oportunidad de reconsiderar su calificación original, nuevamente requiere que la presentación se efectúe ante el Registrador que notificó los defectos en el documento. No puede ser de otra manera. De hecho, el propio Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento 2674 de 13 de julio de 1980, dispone en su Artículo 8.2 que el Registrador que notifique alguna falta en un título resolverá el escrito de recalificación que se presente.[2]

---

[2] El Artículo 8.2 del Reglamento dispone que: "[e]l Registrador en funciones que notificare alguna falta en un título resolverá sobre el escrito de recalificación que se presente y contestará el recurso gubernativo en su caso, salvo en ocasiones de enfermedad prolongada en cuyo evento el Registrador que lo sustituya notificará al Director Administrativo, para que éste designe un Registrador que entienda en el asunto".

Incluso, lo antes dispuesto en nada contradice lo que hoy es norma respecto a los otros medios de presentación, pues la presentación personal requiere que la parte se dirija a la sección del Registro a la cual se encuentra adscrito el Registrador que notificó los defectos y la presentación por correo certificado requiere que se dirija la correspondencia a la dirección postal de la sección del Registro correspondiente. Esto, a su vez, coincide con nuestras expresiones a los efectos de que la presentación no se perfecciona hasta el momento de su arribo ante el Registrador. H.F. Inc. v. Registradora de la Propiedad, ante.

Debe mantenerse presente que en aquellos casos en que la sección correspondiente del Registro y su Registrador carezcan de un correo electrónico, la parte interesada no tendrá a su disposición la presentación por la vía electrónica y deberá acudir a los otros medios disponibles para la presentación de su escrito de recalificación.[3]

Resolvemos que el Artículo 70 de la Ley Hipotecaria requiere que el escrito de recalificación sea enviado al

---

[3] Es cierto que en el año 2000, como parte del proceso de transformación tecnológica de las operaciones del Registro de la Propiedad, se enmendó el Artículo 70 de la Ley Hipotecaria para añadir el correo electrónico entre los métodos disponibles para presentar un escrito de recalificación. No obstante, debido a que dicha transformación conlleva tiempo y esfuerzo, lo razonable es reconocer que la presentación por la vía electrónica está disponible en la medida en que las distintas secciones del Registro de la Propiedad o sus Registradores tengan a su disposición un correo electrónico.

correo electrónico del Registrador que notificó los defectos en el documento o, a lo sumo, al correo electrónico de la sección del Registro a la cual se encuentra adscrito dicho Registrador. En los casos en que el Registrador y la sección del Registro no tengan a su disposición correo electrónico, la parte interesada deberá presentar su escrito de recalificación mediante los otros medios dispuestos en el Artículo 70 de la Ley Hipotecaria, a saber, personalmente o mediante correo certificado. Todo ello, claro está, dentro del término improrrogable de 20 días a partir de la notificación de faltas.

III

Tomando en consideración todo lo antes expuesto, forzosa resulta la conclusión de que en el caso hoy ante nuestra consideración la presentación del escrito de recalificación no se perfeccionó conforme a derecho. Aún cuando la sección del Registro aquí en controversia y la Registradora de la Propiedad que notificó los defectos carecen de un correo electrónico, lo correcto --conforme a lo antes resuelto-- era acudir a los otros medios de presentación y no enviar el escrito de recalificación al correo electrónico del Director Administrativo del Registro de la Propiedad o al de su secretaria. A diferencia de lo ocurrido en B.L. Investments, Inc., v. Registradora de la Propiedad, ante, caso en el cual la Sección Tercera de San Juan tenía asignada como dirección

postal el apartado general del Departamento de Justicia, aquí no se le ha asignado a la Sección Quinta de San Juan el correo electrónico del Director Administrativo del Registro de la Propiedad o el de su secretaria. Tampoco existe trámite interno entre la oficina del Director Administrativo del Registro de la Propiedad y la referida sección del Registro para la distribución de los escritos de recalificación enviados mediante correo electrónico al Director Administrativo.

Es cierto que Norma Alejandro también presentó su escrito mediante correo certificado. No obstante, dicha presentación tampoco se perfeccionó debido a que el escrito fue recibido en la dirección postal de la Sección Quinta de San Juan fuera del término jurisdiccional de 20 días.

Resulta pertinente señalar, además, que aun cuando hubiésemos aceptado como efectivo el envío del escrito de recalificación al correo electrónico del Director Administrativo del Registro de la Propiedad, la presentación no se hubiese perfeccionado debido a que, en el presente caso, el escrito fue enviado por correo electrónico el último día hábil a las 4:28 de la tarde, fuera del horario de presentación del Registro de la Propiedad. Es norma conocida que, independientemente del método, la presentación de documentos ante el Registro tiene que efectuarse dentro del horario establecido para ello, entiéndase, de 8:00 de la mañana a 12:00 del

mediodía y de 1:00 a 3:00 de la tarde[4]; razón por la cual, a partir de las 3:00 de la tarde del 23 de octubre de 2006, ultimo día hábil para que Norma Alejandro presentara su escrito de recalificación, venció el término dispuesto por ley y se entendió consentida la falta señalada.

Siendo así, resulta forzoso concluir que en el presente caso no se presentó el escrito de recalificación dentro del término improrrogable de 20 días, por lo cual se entiende consentida la falta señalada por la Registradora y procede la desestimación del presente recurso gubernativo; ello en vista de que, según antes expuesto, la presentación del escrito de recalificación dentro del término dispuesto en la Ley Hipotecaria es requisito jurisdiccional para que proceda un recurso gubernativo ante este Tribunal.

IV

En mérito de lo antes expuesto, se desestima por falta de jurisdicción el presente recurso gubernativo.

---

[4] Véase Artículo 31. 2 del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 2674 de 13 de julio de 1980, el cual dispone, en lo pertinente, que: "[l]a presentación de documentos se efectuará de 8:00 de la mañana hasta las 12:00 del mediodía y de 1:00 a 3:00 de la tarde. Los Registradores no admitirán documento alguno para su presentación fuera de este horario".

Se dictará Sentencia de conformidad.



FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Norma Denise Alejandro Ramos

    Recurrente

        vs.                    RG-2006-3

Registradores de la Propiedad
de la Sección Quinta de
San Juan

    Recurridos

RECURSO GUBERNATIVO


SENTENCIA

San Juan, Puerto Rico, a 12 de diciembre de 2007


Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia desestimando el presente Recurso Gubernativo por falta de jurisdicción.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo