El Juez Asociado Señor Rivera Pérez
emitió la opinión del Tribunal.
Nos corresponde evaluar y determinar si la Registra-dora de la Propiedad actuó correctamente al extender nota de caducidad en un asiento de presentación por entender que el documento enviado por correo certificado no fue re-cibido en el apartado del Servicio Postal de Estados Unidos del Registro de la Propiedad el 24 de diciembre de 2007, día en que la referida oficina estaba cerrada por motivo de la celebración de la Navidad.
I
El 24 de julio de 2007, la Sra. Jennifer Nogueras Maldonado suscribió la Escritura Núm. 23 de Compraventa (Escritura Núm. 23) ante la notario público Axi Lizette Díaz Amézaga. Mediante esa escritura, la señora Nogueras Maldonado adquirió una propiedad sita en el municipio de Morovis. Posteriormente, dicha escritura fue presentada *890 en el Registro de la Propiedad, Sección de Manatí (Registro). El 25 de octubre de 2007, la Registradora de la Propiedad, Hon. Carmen Ávila Vargas (Registradora), le cursó a la notaria una notificación comunicándole que la Escritura Núm. 23 adolecía de la falta siguiente:
Deberá comparecer la Agencia (Banco y Agencia de Finan-ciamiento de la Vivienda de Puerto Rico) a consentir la transacción. Apéndice del Recurso Gubernativo, pág. 13.
Conviene señalar que en dicha notificación, la Registra-dora consignó que de no subsanarse el defecto antes indi-cado dentro del término de sesenta días —el 24 de diciem-bre de 2007— dispuesto en la Ley Hipotecaria y del Registro de la Propiedad de 1979 (Ley Hipotecaria), exten-dería nota de caducidad en el asiento de presentación y al pie del documento.(1)
A fin de inscribir la referida escritura de compraventa en el Registro, la notaria Díaz Amézaga otorgó una Escri-tura de Ratificación de Compraventa en la cual compareció la Autoridad para el Financiamiento de la Vivienda de Puerto Rico. Realizado este trámite, la notaria Díaz Amé-zaga envió al Registro la referida escritura el 21 de diciem-bre de 2007 mediante correo certificado con aviso de recibo. A pesar de que dicho documento fue enviado antes de que caducara el término señalado para el asiento de presenta-ción, fue recibido en el apartado del Servicio Postal de Es-tados Unidos del Registro el 26 de diciembre de 2007.
Es menester señalar que de los documentos que obran en autos surge que el 26 de diciembre de 2007 a las 10:11 am, el Servicio Postal de Estados Unidos depositó en el apartado postal del Registro una notificación para infor-mar que el aludido documento se había recibido.(2) No obs- *891 tante, el referido documento lo recogió el personal del Re-gistro en su apartado postal el 28 de diciembre de 2007.
Como consecuencia de lo anterior, el 11 de enero de 2008, la Registradora le notificó a la notaria que el asiento de presentación de la Escritura Núm. 23 había caducado porque la Escritura de Ratificación de Compraventa fue recibida en el Registro el 28 de diciembre de 2007. Poste-riormente, la notaria Díaz Amézaga se comunicó con el personal del Registro para someter el comprobante de $50 para cancelar los derechos pagados a la presentación. No obstante, se le informó a la notaria que no le podían devol-ver el comprobante previamente cancelado, ya que habían transcurrido más de veinte días del término señalado.
Inconforme, la señora Nogueras Maldonado presentó ante este Tribunal un Recurso Gubernativo. Señaló que el asiento de presentación no había caducado aun cuando el referido documento fue recibido el 26 de diciembre de 2007 —dos días más tarde de la fecha indicada por la Registra-dora— puesto que las oficinas del Registro estuvieron ce-rradas el 24 y el 25 de diciembre de 2007 por motivo de la Navidad. En el segundo señalamiento de error argüyó que de resolverse que el asiento de presentación había cadu-cado, procedía la devolución de los derechos pagados por-que la notificación que envió la Registradora sobre la ca-ducidad del documento era inadecuada.
La Registradora compareció ante nos y sostuvo en su comparecencia que, de acuerdo con los Arts. 52 y 69 de la Ley Hipotecaria,(3) el asiento de presentación había cadu-cado, ya que el defecto señalado en la notificación no fue subsanado dentro del término de sesenta días consignado en los referidos artículos, el cual vencía el 24 de diciembre de 2007. Adujo que la parte peticionaria, al escoger el mé-todo de correo certificado con acuse de recibo para presen- *892 tar la corrección de la falta notificada, se sometió a las virtudes y los defectos del mismo.
Sobre el segundo error levantado por la parte peticiona-ria, la Registradora argüyó que la notificación sobre la fe-cha de devolución de los derechos pagados a la presenta-ción del referido documento era adecuada, ya que desde la misiva cursada el 25 de octubre de 2007 la parte conocía cuándo expiraba el plazo para solicitar la correspondiente devolución.
Con el beneficio de los alegatos de ambas partes, resolvemos.
II
Nuestro sistema de Derecho Registral se caracteriza por su naturaleza rogada. De acuerdo con este principio, el Registrador de la Propiedad sólo puede actuar a instancia de parte, salvo las excepciones establecidas en la Ley Hipotecaria y en su Reglamento que le permiten actuar de oficio.(4) Por lo tanto, el procedimiento registral se pone en marcha cuando la parte interesada solicita la inscripción o anotación de un documento con trascendencia real en el Registro. Como se sabe, tal procedimiento está constituido por cuatro fases: petición de inscripción, presentación de documentos, calificación del Registrador y la extensión del asiento.(5)
Una vez se han presentado los documentos para su inscripción en el Registro, el Registrador, de acuerdo con el principio de legalidad, procederá a verificar que tales documentos sean válidos y perfectos, de manera que tengan acceso al Registro.(6) Al ejercer su función calificadora, *893 el Registrador determinará si procede la inscripción de los documentos o si, por el contrario, procede denegarla cuando estime que éstos tienen algún vicio o defecto.
Cuando la calificación del Registrador es desfavorable, la parte que interesa la inscripción o la anotación del documento tendrá que escoger uno de los cursos de acción siguientes: “desistir y retirar el documento, solicitar recalificación, consentir las faltas e intentar la corrección, o no actuar y dejar caducar el asiento de presentación.”(7)
Si la parte interesada en la inscripción del documento desea subsanar la falta señalada y notificada por el Registrador, deberá cumplir cabalmente con el trámite pautado en el Art. 69 de la Ley Hipotecaria.(8) En lo pertinente, el referido artículo dispone que el interesado en la inscripción del documento deberá corregir la falta señalada y notificada dentro del término de sesenta días a partir de la fecha de la notificación. (Enfasis suplido.)(9) El aludido precepto indica, además, que de no subsanarse el defecto dentro del término señalado, el Registrador extenderá nota de caducidad en el asiento de presentación y al pie del documento.(10) Por ende, se entenderá que la parte consintió la falta señalada por el Registrador y tendrá que presentar nuevamente los documentos para su inscripción.
El Art. 70 de la Ley Hipotecaria, infra, dispone, en lo pertinente, que si la parte consintió la calificación del Registrador y trató de subsanar los defectos señalados dentro del término de sesenta días provisto en el Art. 69 de la Ley Hipotecaria, supra, podrá recurrir gubernativamente de la denegatoria ante este Tribunal sólo para determinar *894 si los defectos se corrigieron.(11) Como se puede apreciar, la disposición antes citada establece una excepción a la norma general que requiere que antes de presentar un recurso gu-bernativo ante este Tribunal se interponga un escrito de re-calificación ante el Registrador de la Propiedad.(12)
III
Con estos criterios en mente, pasemos a resolver la con-troversia ante nos.
En el caso de autos, la notaría Díaz Amézaga consintió la falta indicada por la Registradora y procedió a subsanarla. Tras otorgar la Escritura de Ratificación de Compraventa, la notaría la envió dentro del término de caducidad de sesenta días a la oficina del Registro me-diante correo certificado. No obstante, la referida escritura fue depositada en el apartado del Registro en el Servicio Postal de Estados Unidos el 26 de diciembre de 2007 a las 10:11 am —dos días más tarde del término de caducidad— y el personal del Registro la recogió el 28 de diciembre de 2007. Por tal razón, la Registradora aduce que el referido documento fue recibido en el Registro después de vencido el término de caducidad. No tiene razón. Veamos.
Adviértase, de entrada, que el término de caducidad del asiento de presentación vencía el 24 diciembre de 2007. Sin embargo, el entonces Gobernador de Puerto Rico, Hon. Aníbal Acevedo Vilá, mediante el Memorando Especial Núm. 33-2007, concedió libre la mañana del lunes 24 de diciembre de 2007 sin cargo a licenciad.(13) Cabe señalar que la mañana de 24 de diciembre de 2007 fue concedida libre para los empleados de la Rama Ejecutiva, pues a partir del *895 mediodía era día feriado oficial por disposición de la Ley Núm. 305 de 25 de diciembre de 2002.(14) De igual forma, el 25 de diciembre de dicho año era un día feriado oficial, por ser Navidad.
En conformidad con lo anterior, y dado que el término del asiento de presentación vencía el lunes 24 de diciembre de 2007 y que ese era un día feriado, es forzoso concluir que el vencimiento de dicho término era el martes 25 de diciembre de 2007, pero por ser éste, a su vez, un día fe-riado, el último día hábil para recibir el documento en el apartado postal del Registro era el 26 de diciembre de 2007. Precisamente, ese día el documento que envió la no-taría Díaz Amézaga fue recibido en el apartado del Servicio Postal de Estados Unidos del Registro.
Es preciso puntualizar que en el expediente de autos hay una copia de la notificación del Servicio Postal de Es-tados Unidos que acredita que el 26 de diciembre de 2007 el personal del correo depositó en el apartado postal del Registro una notificación para notificar que el documento en cuestión había sido recibido. No obstante, de dicha no-tificación surge que no fue hasta el 28 de diciembre de 2007 que el personal del Registro acudió al correo para buscar su correspondencia. Nótese que el personal del Re-gistro tardó dos días calendario en buscar su corres-pondencia.
Por lo tanto, dado que el 24 y 25 de diciembre de 2007 eran días feriados debido a la celebración de las festivida-des navideñas, concluimos que el último día hábil para re-cibir el referido documento en el apartado postal del Regis-tro era el 26 de diciembre de 2007. El documento público llegó ese día al Registro, por lo que es forzoso concluir que fue recibido dentro del término de caducidad, por lo que no procedía extender la nota de caducidad en el asiento de presentación y al pie del documento.
*896 No podemos penalizar a la parte peticionaria por el he-cho de que el último día hábil del término de caducidad del asiento de presentación era un día feriado ni mucho menos por el retraso del personal del Registro en recoger su co-rrespondencia en su apartado en el Servicio Postal de Es-tados Unidos. No albergamos duda de que el documento fue recibido dentro del término de caducidad.
Conviene señalar que en B.L. Invest., Inc. v. Registradora, infra, nos enfrentamos a una situación bastante similar a la de autos.(15) En esa ocasión resolvimos, entre otras cosas, que el último día hábil para recibir un escrito de recalificación era el 26 de diciembre de 2001, aun cuando dicho término había vencido el 23 de diciembre de 2001, pero este día era domingo, por lo que se corrió para el lunes 24 de diciembre, pero como este día era feriado, el próximo día hábil era el 26 de diciembre de 2001.(16)
De acuerdo con lo anterior, resulta innecesario discutir el segundo señalamiento de error levantado por la parte peticionaria.
Por los fundamentos antes expuestos, concluimos que la Registradora de la Propiedad, Hon. Carmen E. Avila Vargas, erró al determinar que el asiento de presentación de la Escritura Núm. 23 de Compraventa presentada por la no-taría Díaz Amézaga había caducado. Por lo tanto, se or-dena a la Registradora que proceda a eliminar la nota de caducidad practicada en el asiento de presentación y cali-fique la referida escritura pública para determinar en sus méritos si la falta señalada fue subsanada.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita.

 Véase Apéndice del Recurso Gubernativo, pág. 13.

 Véase Exhibit Núm. 6 del Apéndice del Recurso Gubernativo, pág. 18.

 30 L.P.R.A. secs. 2255 y 2272.

 L. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 2da ed., San Juan, Jurídica Editores, 2002, pág. 242.

 H.F., Inc. v. Registrador, 116 D.P.R. 433, 438 (1985).

 Véanse: Rigores v. Registrador, 165 D.P.R. 710 (2005); Gasolinas PR v. Registrador, 155 D.P.R. 652 (2001); U.S.I. Properties, Inc. v. Registrador, 124 D.P.R. 448, 465 (1989).

 Rivera Rivera, op. cit., pág. 309.

 30 L.P.R.A. sec. 2272.

 Id. Véase, además, el Sec. 870.321 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, edición especial de 2007.

 Íd. Véanse, además: Secs. 870.313 y 870.314 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, edición especial de 2007.

 30 L.P.R.A. sec. 2273.

 Véase Art. 76 de la Ley Hipotecaria y del Registro de la Propiedad de 1979 (30 L.P.R.A. see. 2279).

 Véase Memorando Especial Núm. 33-2007.

 Íd.

 B.L. Invest., Inc. v. Registradora, 158 D.P.R. 220 (2002).

 Íd., págs. 228 y 228 esc. 7.