El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
Norma Denise Alejandro Ramos y Anthony Correa pre-sentaron ante el Tribunal de Primera Instancia, Sala Superior de San Juan, una petición de divorcio por consentí- *723 miento mutuo. El 27 de septiembre de 2004 se emitió una resolución decretando disuelto el matrimonio y liquidando la Sociedad de Bienes Gananciales habida entre las partes. De la resolución emitida por el tribunal de instancia surge que Anthony Correa se comprometió a ceder su participa-ción en un determinado bien inmueble ganancial a favor de su ex cónyuge, Norma Denise Alejandro Ramos.
El 26 de abril de 2006 Norma Alejandro y Anthony Co-rrea otorgaron una escritura sobre liquidación de bienes gananciales ante el notario Héctor Luis Banchs Pascualli, en la cual Anthony Correa cedió a Norma Alejandro su par-ticipación en el bien inmueble antes mencionado. Específi-camente, se dispuso que Anthony Correa cedía, traspasaba y entregaba a Norma Alejandro su 50% de participación en el bien inmueble por $20,000.
Posteriormente, Norma Alejandro presentó ante el Re-gistro de la Propiedad, Sección Quinta de San Juan, la es-critura sobre liquidación de bienes gananciales para su inscripción. Para ello, canceló los sellos y comprobantes, tomando como base $20,000 pactados en la escritura.
El 3 de octubre de 2006 la Registradora de la Propiedad emitió una notificación de falta, en la cual dispuso, en lo pertinente, que
[e]n cumplimiento del Artículo 69 de la Ley Hipotecaria núm. 198 del 8 de agosto de 1979 [según] enmendada, comu-nico a usted que el documento a que alude el epígrafe y que fuera presentado el 29/08/06, al Asiento 19 del Libro 875 del Diario de Operaciones, Entrada Número 6607 de esta Sección del Registro, adolece de las faltas que se detallan a continua-ción, que impiden la registration del mismo [:]
FALTA $894.00 EN COMPROBANTES PARA COMPLE-TAR DERECHOS DE INSCRIPCIÓN YA QUE LOS GRAVA-MENES SON MAYORES AL PRECIO DE CESIÓN. Apéndice, pág. 8.
De igual forma, surge de dicha notificación la siguiente advertencia:
[e]l presentante o interesado que no esté conforme con la *724 calificación del Registrador podrá, dentro del término impro-rrogable de veinte días siguientes a la notificación, radicar un escrito de recalificación exponiendo sus objeciones a la califi-cación, los fundamentos en que apoya su recurso y una súplica específica de lo que interesa.
Transcurridos los veinte días se entenderán consentidas las faltas señaladas. (Artículo 70, Ley Núm. 198 de 8 de agosto de 1979). (Énfasis suplido y en el original.) Apéndice, pág. 8.
El 23 de octubre de 2006, último día hábil para la pre-sentación del escrito de recalificación, Norma Alejandro, por conducto del Ledo. Héctor L. Banchs Pascualli, pre-sentó un escrito de recalificación mediante correo electró-nico dirigido al Ledo. Wilfredo Colón Rosa, director admi-nistrativo del Registro de la Propiedad, y a María Reyes, secretaria del Director Administrativo del Registro de la Propiedad. De los documentos anejados al expediente, surge que el correo electrónico en cuestión fue enviado el 23 de octubre de 2006 a las 4:28 p.m. En esa misma fecha, Norma Alejandro también envió su escrito de recalificación por correo certificado con acuse de recibo al Registro de la Propiedad, Sección Quinta de San Juan, el cual fue reci-bido en el apartado postal de dicha Sección el 25 de octubre de 2006.
Tras no recibir respuesta alguna del Registrador de la Propiedad con respecto al escrito de recalificación presen-tado, Alejandro Ramos acudió ante este Tribunal mediante recurso gubernativo. Posteriormente, la Hon. Vanessa M. Bayonet Tartak, Registradora de la Propiedad para la Sec-ción Quinta de San Juan, presentó ante este Tribunal una moción de desestimación por falta de jurisdicción. En ésta, nos señala que el escrito de recalificación de Norma Alejandro no fue presentado dentro del término improrrogable de 20 días, por lo cual se entiende que consintió a las faltas señaladas, al tiempo que procede la desestimación del re-curso gubernativo.
Por su parte, Norma Alejandro aduce que presentó su escrito de recalificación el último día hábil mediante correo *725 electrónico, según lo permite el Art. 70 de la Ley Hipoteca-ria y del Registro de la Propiedad, 30 L.P.R.A. see. 2273. En réplica a dicho argumento, la Registradora de la Pro-piedad nos indica que al haberse enviado el escrito de re-calificación, mediante correo electrónico, al Director Admi-nistrativo del Registro de la Propiedad y a la Secretaria de este último y no al Registrador de la Propiedad que notificó los defectos, no se cumplió con lo requerido en el Art. 70 de la Ley Hipotecaria y del Registro de la Propiedad, ante; razón por la cual, el escrito de recalificación se entendió presentado el 25 de octubre de 2006, fecha en que llegó físicamente el escrito a las oficinas del Registro de la Pro-piedad, Sección Quinta de San Juan, y para la cual ya ha-bía transcurrido el término jurisdiccional de 20 días.
Trabada así la controversia, el 2 de marzo de 2007 emi-timos una resolución dando por sometido el caso para su resolución. Contando con la comparecencia de las partes y estando en posición de resolver, procedemos a hacerlo.
I
El Art. 70 de la Ley Hipotecaria y del Registro de la Propiedad, ante, dispone, en lo pertinente, que
... el presentante o interesado que no esté conforme con la calificación del registrador podrá, dentro del término impro-rrogable de [ios] veinte (20) días siguientes a la fecha de la notificación, radicar personalmente, o por la vía electrónica, con el registrador o remitir por correo certificado, un escrito solicitando recalificación, exponiendo sus objeciones a la cali-ficación, los fundamentos en que apoya su recurso y una sú-plica específica de lo que interesa. Transcurridos los veinte (20) días se entenderán consentidos los defectos señalados por el registrador. (Énfasis suplido.)
El proceso de recalificación consignado en el artículo de ley antes citado “se instituye como un paso previo a la presentación del recurso gubernativo, y brinda al Registrador la oportunidad de reconsiderar su calificación *726 original”. H.F., Inc. v. Registrador, 116 D.P.R. 433, 436 (1985). Debido a que el proceso de recalificación es de na-turaleza rogada, la parte inconforme con la calificación del Registrador de la Propiedad deberá presentar su escrito de recalificación personalmente, por correo electrónico o me-diante correo certificado dentro del término de 20 días con-tados a partir de la notificación de faltas.
El método de presentación que la parte interesada utilice es de suma importancia, pues “la presentación no se perfecciona hasta el momento de su arribo ante el Registrador”. (Énfasis suplido.) H.F., Inc. v. Registrador, ante, pág. 439. Esto es, independientemente del método de presentación utilizado, el escrito de recalificación tiene que arribar, ante el “Registrador” dentro de los 20 días dispuestos para ello. Si la parte interesada no presenta su escrito de recalificación dentro del término improrrogable de 20 días, se entiende consentida la calificación original y debe desestimarse el recurso gubernativo. Bidot v. Registrador, 115 D.P.R. 276 (1984). Esto se debe a que la presentación del escrito de recalificación, dentro del término dispuesto en la ley, es requisito jurisdiccional para que proceda, posteriormente, un recurso gubernativo, pues “[n]o es hasta que el Registrador pasa juicio sobre la recalificación solicitada que se puede recurrir a este tribunal”. Íd., pág. 277.
Por otro lado, en cuanto a la presentación mediante correo certificado del escrito de recalificación, he-mos resuelto que el uso de dicho método es a riesgo de la parte y que éste se encuentra disponible siempre y cuando el escrito sea entregado por el correo al Registrador de la Propiedad dentro de los veinte días requeridos. H.F., Inc. v. Registrador, ante.
Ahora bien, en B.L. Invest., Inc., v. Registradora, 158 D.P.R. 220 (2002), resolvimos que se perfecciona la presen-tación de un escrito de recalificación por correo certificado mediante la entrega del escrito en la dirección postal co-rrecta de la sección del Registro de la Propiedad dentro del *727 plazo de 20 días. Esto es así aun cuando el escrito arribe físicamente a la sección del registro pasado dicho término debido a atrasos en el trámite interno interagencial dise-ñado para el envío de correspondencia entre el Departa-mento de Justicia y la sección del Registro allí involucrada.(1)
II
¿Se perfecciona la presentación de un escrito de recali-ficación mediante el envío del escrito al correo electrónico del Director Administrativo del Registro de la Propiedad? Al respecto, la Registradora de la Propiedad recurrida ar-gumenta que el Art. 70 de la Ley Hipotecaria y del Registro de la Propiedad, ante, requiere que el escrito de recalifica-ción sea enviado al correo electrónico del Registrador de la Propiedad que notificó los defectos y que de éste no tener correo electrónico, la parte interesada debe presentar su escrito mediante las otras formas permitidas, a saber, per-sonalmente o mediante correo certificado.
Aun cuando en el pasado no hemos tenido la oportunidad de expresarnos sobre la presentación de un escrito de recalificación mediante correo electrónico, el citado Art. 70 es claro al establecer que la presentación por la vía electrónica se hará “con el registrador”, el cual, indudablemente, no es otro que aquel que notificó los defectos en el documento. Esto es, de recurrirse a la vía electrónica para presentar un escrito de recalificación, la parte interesada deberá enviarlo al correo electrónico del Registrador de la Propiedad que notificó los defectos en el documento o, cuando menos, al correo electrónico de la sección del Registro de la Propiedad a la cual se encuentra adscrito dicho Registrador.
*728 El propósito mismo de la recalificación —entiéndase brindarle al Registrador de la Propiedad la oportunidad de reconsiderar su calificación original— requiere que la pre-sentación se efectúe ante el Registrador que notificó los de-fectos en el documento. No puede ser de otra manera. De hecho, el propio Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Regla-mento Núm. 2674 del Departamento de Justicia de 8 de agosto de 1980, dispone en su Art. 8.2 que el Registrador de la Propiedad que notifique alguna falta en un título re-solverá el escrito de recalificación que se presented.(2)
Incluso, lo antes dispuesto en nada contradice lo que hoy es norma respecto a los otros medios de presentación, pues la presentación personal requiere que la parte se dirija a la sección del Registro de la Propiedad a la cual se encuentra adscrito el Registrador que notificó los defectos, y la presentación por correo certificado requiere que se dirija la correspondencia a la dirección postal de la sección del Registro de la Propiedad correspondiente. Esto, a su vez, coincide con nuestras expresiones en cuanto a que la presentación no se perfecciona hasta el momento de su arribo ante el Registrador. H.F., Inc. v. Registrador, ante.
Debe mantenerse presente que en aquellos casos en que la sección correspondiente del Registro de la Propiedad y su Registrador carezcan de un correo electrónico, la parte interesada no tendrá a su disposición la presentación por la vía electrónica y deberá acudir a los otros medios *729 disponibles para la presentación de su escrito de recalificación. (3)
Resolvemos que el Art. 70 de la Ley Hipotecaria y del Registro de la Propiedad, ante, requiere que el escrito de recalificación sea enviado al correo electrónico del Registra-dor de la Propiedad que notificó los defectos en el documento o, al menos, al correo electrónico de la sección del Registro de la Propiedad a la cual se encuentra adscrito dicho Registrador. En los casos en que el Registrador y la sección del Registro de la Propiedad no tengan a su disposición co-rreo electrónico, la parte interesada deberá presentar su es-crito de recalificación mediante los otros medios dispuestos en el Art. 70 de la Ley Hipotecaria y del Registro de la Pro-piedad, ante, a saber, personalmente o mediante correo certificado. Todo esto, claro está, dentro del término impro-rrogable de 20 días a partir de la notificación de faltas.
III
Tomando en consideración todo lo antes expuesto, resulta forzosa la conclusión de que en el caso ante nuestra consi-deración la presentación del escrito de recalificación no se perfeccionó conforme a derecho. Aun cuando la sección del Registro de la Propiedad aquí en controversia y la Registra-dora de la Propiedad que notificó los defectos carecen de un correo electrónico, lo correcto —conforme a lo antes resuel-to— era acudir a los otros medios de presentación y no en-viar el escrito de recalificación al correo electrónico del Director Administrativo del Registro de la Propiedad o al de su secretaria. A diferencia de lo ocurrido en B.L. Invest, Inc., v. Registradora, ante, caso en el cual la Sección Tercera de *730 San Juan tenía asignada como dirección postal el apartado general del Departamento de Justicia, aquí no se le ha asignado a la Sección Quinta de San Juan el correo elec-trónico del Director Administrativo del Registro de la Pro-piedad o el de su secretaria. Tampoco existe trámite in-terno entre la oficina del Director Administrativo del Registro de la Propiedad y la referida sección del Registro para la distribución de los escritos de recalificación envia-dos mediante correo electrónico al Director Administrativo.
Es cierto que Norma Alejandro también presentó su es-crito mediante correo certificado. No obstante, dicha pre-sentación tampoco se perfeccionó debido a que el escrito fue recibido en la dirección postal de la Sección Quinta de San Juan fuera del término jurisdiccional de 20 días.
Resulta pertinente señalar, además, que aun cuando hubiésemos aceptado como efectivo el envío del escrito de recalificación al correo electrónico del Director Administra-tivo del Registro de la Propiedad, la presentación no se habría perfeccionado debido a que el escrito fue enviado por correo electrónico el último día hábil a las 4:28 de la tarde, fuera del horario de presentación del Registro de la Propiedad. Es norma conocida que, independientemente del método, la presentación de documentos ante el Registro de la Propiedad tiene que efectuarse dentro del horario es-tablecido para ello, entiéndase, de 8:00 de la mañana a 12:00 del mediodía y de 1:00 a 3:00 de la tarde;(4) razón por la cual, a partir de las 3:00 de la tarde del 23 de octubre de 2006, ultimo día hábil para que Norma Alejandro presen-tara su escrito de recalificación, venció el término dis-puesto por ley y se entendió consentida la falta señalada.
Siendo así, resulta forzoso concluir que en el presente caso no se presentó el escrito de recalificación dentro del *731 término improrrogable de 20 días, por lo cual se entiende consentida la falta señalada por la Registradora de la Pro-piedad y procede la desestimación del presente recurso gu-bernativo; ello en vista de que, según antes expuesto, la pre-sentación del escrito de recalificación dentro del término dispuesto en la Ley Hipotecaria y del Registro de la Propie-dad es requisito jurisdiccional para que proceda un recurso gubernativo ante este Tribunal.
IV
En mérito de lo antes expuesto, se desestima por falta de jurisdicción el presente recurso gubernativo.

Se dictará sentencia de conformidad.

 En B.L. Invest., Inc., v. Registradora, 158 D.P.R. 220, 228 (2002), hicimos alusión a que “[l]a práctica es que las cinco secciones del Registro de San Juan reciben su correspondencia en el apartado postal general del Departamento de Jus-ticia, de donde se distribuye para el envío a la sección correspondiente”.

 El Art. 8.2 del reglamento dispone: “[e]l Registrador en funciones que notifi-care alguna falta en un título resolverá sobre el escrito de recalificación que se pre-sente y contestará el recurso gubernativo en su caso, salvo en ocasiones de enferme-dad prolongada en cuyo evento el Registrador que lo sustituya notificará al Director Administrativo, para que éste designe un Registrador que entienda en el asunto.” Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 2674 del Departamento de Justica de 8 de agosto de 1980, según enmendado por el Reglamento Núm. 4783 de 16 de septiembre de 1992, pág. 4.

 Es cierto que en el 2000, como parte del proceso de transformación tecnológica de las operaciones del Registro de la Propiedad, se enmendó el Art. 70 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2273, para añadir el correo electrónico entre los métodos disponibles para presentar un escrito de recalificación. No obstante, debido a que dicha transformación conlleva tiempo y esfuerzo, lo razonable es reconocer que la presenta-ción por la vía electrónica está disponible en la medida en que las distintas secciones del Registro de la Propiedad o sus Registradores tengan a su disposición un correo electrónico.

 Véase Art. 31. 2 del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, ante, pág. 13, el cual dispone, en lo pertinente, que: “[l]a presentación de documentos se efectuará de 8:00 de la mañana hasta las 12:00 del mediodía y de 1:00 de la tarde hasta las 3:00. Los Registradores no admitirán docu-mento alguno para su presentación ... fuera de [este horario].”